## McKeesport Boro., to use of McKeesport City, v. Frank Busch et al., Appellants.

[Marked to be reported.]

*Municipal lien—Location of street—Evidence.*

On a trial of a scire facias sur municipal lien for paving and grading, the questions whether the street designated in the petition is on defendant's land, and whether a majority of property owners along the line of the improvement signed the petition, are questions for the jury.

*Municipal lien—Amendment of lien—Act of April 3, 1867.*

Under the local act of April 3, 1867, P. L. 732, relating to the paving and grading of streets in the borough of McKeesport, where a municipal lien properly states the frontage and boundaries of the lot, but does not give the depth, the lien may be amended so as to show the depth, after verdict on a scire facias, at any time before the statute of limitations has barred the claim.

*Municipal lien—Acts of April 3, 1867, and May 16, 1891.*

The act of May 16, 1891, P. L. 69, does not repeal or change the provisions of the act of April 3, 1867, P. L. 732, but is intended to provide more specifically for the practice in cases where any final assessments have been made.

While the act of May 16, 1891, P. L. 69, is applicable to all such assessments as require a final confirmation of the report of viewers, and directs that the lien shall date from the time of the confirmation, it does not invalidate assessments which have been made in a different manner under a local act, such as the act of April 3, 1867, P, L. 732, relating to the borough of McKeesport.

*Municipal lien—Assessments—Paving,—Foot-front rule.*

Inequalities in surface, or in the situation and depth of the lot, are not

sufficient grounds for refusing to apply the foot-front rule in assessments
for municipal improvements to borough or city lots.


Argued Nov. 8, 1894. Appeal, No. 280, Oct. T., 1894, by
defendants, from judgment cf C. P. No. 2, Allegheny Co.,
Jan. T., 1892, No. 52, on a verdict for the plaintiffs. Before
STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL,
DEAN and FELL, JJ. Affirmed.


Scire facias sur municipal lien for grading and paving Cliff
street in the city of McKeesport. Before MAGEE, J.

The lien was as follows:

" Municipal claim for grading, curbing and paving Cliff
street.

" And now, Dec. 28, 1891, the city of McKeesport, by Thomas
McGraw, its street commissioner, filed this claim for the sum
of $1,864.20, with interest from Oct. 30, 1891, against all that
certain lot of ground situate in the Third ward of said borough,
now the Eighth ward of said city, bounded and described as
follows, viz: Fronting 390 feet on the west side of Cliff street
and extending back westwardly between lot of Lucy P. Can-
field and a line of which the said defendants are the owners or
reputed owners.

" The said sum of $1,864.20 being the assessment upon said
lot for the cost of grading, curbing and paving of said Cliff
street within six months last past, which said grading, curbing
and paving was done and an assessment of $4.78 per foot-front
upon all properties abutting on the same, made by the council
of said city, by resolution passed Sept. 18, 1891, in pursuance
of an act of assembly approved April 3, 1867, and of an ordi-
nance passed July 10, 1890, and approved July 12, 1890,
authorizing the same, and demand was made upon said owners
on Sept. 30, 1891, and this claim is now filed as a lien against
said lot for the payment of said sum with interest thereon, in
accordance with the act of assembly above mentioned."

When E. J. Taylor, a witness for plaintiff, was on the stand, he
was asked: " Q. Did the names of the property owners on that
petition constitute, at the time the petition was presented and
the ordinance was passed, a majority of the property owners on
Cliff street, between Fifth avenue and Elm street?" Objected

to, on the ground that the opinion of the witness is not sufficient; he must show the means whereby he arrived at the conclusion that the majority had signed.  Overruled and exception. [1] The witness answered in the affirmative.

Plaintiff offered the petition, marked exhibit A, in evidence, for the purpose of showing a compliance with the act of assembly in making the improvement upon the petition of a majority of the owners on Cliff street between Fifth avenue and Elm street.    Objected to, because it is not shown that a Cliff street did or does exist, as stated in this petition, between Fifth avenue and Elm street.    Objection overruled and exception. [2]

Plaintiff offered in evidence exhibit B, identified by the city clerk, an ordinance dated July 10, 1890, entitled "An ordinance authorizing and requiring the grading, curbing and paving of Cliff street, from Fifth avenue to Elm street."    Objected to, for the former reason, that the city of McKeesport has not yet shown that there is legally a street named Cliff street, between Fifth avenue and Elm street.    Objection overruled and exception. [3]

Plaintiff then offered in evidence the lien filed in this case. Objected to : (1) Because plaintiff has not yet shown that the property charged in the lien fronts on Cliff street and that the said street in front of the property legally is Cliff street. (2) Because the description of the property in the lien is too indefinite and uncertain and not such as legally to bind the property.    Objection overruled and exception. [4]

Plaintiff offered in evidence the file of the "McKeesport Daily News," showing publication of an ordinance establishing the grade of Cliff street, from Elm street to Fifth avenue. Objected to, on the ground that the ordinance for the grading or paving of a street does not supply the defect of an ordinance as to the creation and naming of the street.    Objection overruled and exception. [5]

The court charged as follows :

" This is a scire facias on a municipal claim for the cost and expense of grading, paving and curbing of Cliff street, from Fifth avenue to Elm street, in the Sixth ward of the city of McKeesport, and which has been filed as a lien against that certain lot of ground in the Third ward of the borough, now the Sixth ward of said city of McKeesport, fronting 390 feet

on the west side of Cliff street, and of which the defendants are the owners or reputed owners. The claim filed is for the sum of $1,864.20, with interest from Oct. 30, 1891.

" This lien is filed under the provisions of the act of April 3, 1867, P. L. 732, which provides for the improvement of the streets in McKeesport. The act, which has been offered in evidence and admitted, provides that town councils have the power to require by ordinance the grading, paving and macadamizing of any street, lane or alley or parts of the same, not less than one square, within such reasonable time as the said councils shall by ordinance direct, and shall have full power to levy and collect the costs and expenses of such grading and paving or macadamizing by a pro rata assessment on the feet-front, etc. Provided, that a majority of persons owning property on the street petition therefor, and after causing demand to be made on the owners and on neglect to pay, may file liens against the property, and such costs and expenses shall be recovered by writs of sci. fa. in the name of the commonwealth, etc., as debts by mortgage are now recoverable, and such sci. fa. may issue at any time after the filing of such statement.

" [The evidence is before you on the part of the plaintiff that there were fourteen persons owning land on the portion of Cliff street, between Fifth avenue and Elm street, and that eight of the fourteen petitioned the councils for the grading, paving and curbing of that portion of the street, being not less than one square, and that the petitioners were a majority of the owners of the land abutting on the street to be improved, as shown by the paper marked exhibit A, supplemented by the testimony of E. J. Taylor, the civil engineer of the borough at the time, and who made an examination into the ownership of the abutting property.] [6]

" [The plaintiff has also given in evidence an ordinance for the grading, paving and curbing of Cliff street between Fifth avenue and Elm street, shown by the paper marked exhibit B, and also the contract between the borough and Sloan & Mc-Ilvaine for the grading, paving and curbing of the street, as shown by the paper marked exhibit C, and bearing date Sept. 26, 1890, and also the assessment made of $4.78 per lineal foot on the abutting property and the assessment on the 390 feet of the abutting land of the defendants to the amount of

$1,864.20, their proportion of the cost and expense of the improvement by a pro rata assessment on the feet-front. The evidence thus presented is in compliance with the requirements of the act referred to in relation to the improvement of streets in McKeesport.] [7]

" Now, the measures provided for the enforcement of the lien authorized to be filed for the cost and expenses of the improvement, by the act of 1867, are, that they shall be recoverable by writ of scire facias as debts secured by mortgage are now recoverable, and such scire facias may issue at any time after the filing of such statement. The act of May 16, 1891, P. L. 69, is an act general in its application, ' creating and regulating municipal liens and proceedings thereon,' and by this act it is provided that the lien when filed shall be proceeded upon for collection by writ of scire facias in accordance with the course of the common law. By the act it is also provided that ' If an appearance be entered (and such is the case here) the plaintiff shall also be entitled to judgment unless a sufficient affidavit of defence be filed within fifteen days after the return day. If such affidavit be filed, the cause shall then be proceeded with in accordance with the rules of law and the practice of the courts.'

" This act, I take it, permits the defendants to present their defences to the scire facias in accordance with the rules of law and the practice of the courts governing the enforcement or collection of liens entered and filed under the authority of existing laws, and, presumably, just and lawful claims as filed. The defence may therefore be made to the want of conformity to the law of the lien authorized to be filed, and such other defences upon the merits of the claim as go to the defective character of the work done on the improvement or extravagant charges for the same, or the non-performance of the work or mistakes in the feet-frontage assessed, or that the property is not the subject of a pro rata assessment by the foot-front from its rural, agricultural or farming character, etc., provided that under the rules of law and the practice of the courts such defences—and only such defences—are set up in the affidavit of defence required to be filed in the case.

" The defences there set up are as follows : First : That the land of the defendants abutting on the street is not the subject of a foot-frontage rule of assessment. The Supreme Court has

said that upon a scire facias sur municipal lien for paving, if the jury find the property to be rural—and I will add as connected with it, agricultural or farming—it cannot be charged by the foot-front measure of liability. It is no defence, however, to a claim for street improvements filed according to the foot-front rule, that the property is but a narrow strip along the street, and not worth the amount of the assessment. That is not the character of objection to defeat recovery. [The inequality—if such exists—must arise from a pro rata foot-frontage assessment on rural, agricultural or farming lands, and not on city lots; not that it is hilly, uneven territory, or might be an actual advantage or disadvantage—inequalities that arise from that source do not defeat a pro rata assessment. If it is a city street, the general character of the property and its value is to be regarded in city lots as substantially the same, and these lots in question are in a city—the city of McKeesport— so stated by all the witnesses and the papers filed.] [8]

" [As to the second suggestion of a defence,—that the lien filed is defective and void in that it does not give or definitely describe the boundary or depth of the land, I say to you that the description in the lien is sufficient, and is not defective and void, and that any defence set up on that account will not avail to defeat recovery.] [9]

" [The third defence is that the lien is void because not filed in accordance with the direction of the act of April 3, 1867. This objection to the form in which the lien has been filed is without merit; there has been a substantial compliance with the act, and that will not defeat recovery.] [10]

" Fourth. [The defence set up that the improvement must be made on the petition of a majority of the property owners abutting thereon. This defence, if established by evidence, is a good one, as the act makes such a petition a prerequisite to the making of the improvement. That fact you will determine from the evidence before you. So far as I recall the testimony —and my recollection seems to be pretty clear upon the subject—I do not remember any evidence to sustain such a claim. The only effort that was made, I thought, in the way of a defence upon that ground was to show no such interest in the property on the line of the improvement as that the signature of the party signing ought to be regarded as one of the property

holders along the line of the street in securing the majority of the property owners, but there was no evidence that I can recall that the eight signers of the fourteen owners alleged to be there —no positive assertion that I recall—that they were not a majority of the owners of the property abutting on the improvement.] [11]

" [The defence further sets up that ' there never was, nor now legally is, a Cliff street.' This is a good defence if it be established that the improvement made was not of a public highway or street known and recognized as such and identified as Cliff street. The fact that it was also known as a township road would not make the ordinance for its improvement under the name of Cliff street null and void. The important fact to make the improvement lawful is, was it of a public highway and has it a location and name as Cliff street? It is in evidence that there was a Cliff street connected with it.] [12]

" [The last suggestion of a defence is that the improvement was made at the instance and request of the Highland Land Company, and that is immaterial, if done on the petition of a majority of the persons owning property on the line of the improvement. It makes no difference as to whose instance it was done at, or whether the parties pestered the lives of the councilmen in order to get it done, or whether they had some interest in having it done, if they succeeded in getting the names of a majority of the property owners on the street.] " [13]

Defendants' points were among others as follows :

" 2. If the jury find that the improvement of the street in front of the defendants' property is of a character which can be benefited, if at all, in a degree grossly disproportionate to other property on Cliff street, then the equal charge per front-foot is oppressive and unjust, and plaintiff cannot recover." Refused. [14]

" 3. If the jury find that the said improvement is of no benefit whatever to said defendants, but solely or mainly for the benefit of other parties owning property on the said street, then the equal charge per front-foot is oppressive, unjust and illegal upon defendants." Refused. [15]

" 4. If the jury find that the improvement is a public benefit, then the charge per front-foot is an imposition on the defendants, and the verdict should be for the defendants." Refused. [16]

" 5. If the jury find that the property of defendants is not divisible into town lots, or that it cannot be divided and built upon as on ordinary town lots, then the equal per front-foot charge is unjust and illegal, and their verdict should be for the defendants." Refused. [17]

" 6. If the jury find that the said street, in front of defendants' property, was legally known only as the township or river road, it required an ordinance to change its name to Cliff street, and it was the duty of plaintiff to produce such ordinance." Refused. [18]

" 7. No ordinance having been produced, the said street in front of defendants' property is legally still the township or river road, and all proceedings in relation to said part of the so-called Cliff street relating to the paving are void, and defendants cannot be charged with any part of the costs thereof." Refused. [19]

8. Request for binding instruction. Refused. [20]

Verdict for plaintiff for $2,078.20.

The court subsequently permitted the following amendment of the lien :

" And now, to wit, Nov. 11, 1893, comes the city of McKeesport, by R. C. Rankin, its solicitor, and moves the court to amend the lien filed in this case by adding to the description of the property assessed the following words : ' Drawn at right angles to said Cliff street, at the intersection of said Cliff street with the road leading to Demmler, 100 feet.' "

Judgment on verdict May 10, 1894. Defendants appealed.

*Errors assigned* were (1–5) rulings ; (6–20) instructions, quoting instructions and bills of exception but not quoting evidence ; (21) allowance of amendment.

*Magnus Pflaum,* for appellants.—We might, under the proof, claim that the jury was bound to find that there was no Cliff street in front of defendant's land, but we do claim that this was a question for the jury and for the jury alone. The court, however, in their charge (12th assignment) practically decided the question, in holding that it was sufficient if there was a public highway, having a location and name, as Cliff street.

There was no sufficient proof that a majority of property owners had signed the petition.

The lien was not valid as filed. It was not amendable: Allentown v. Hower, 93 Pa. 332.

The lien was not filed in accordance with the act of 1867: O'Bryne v. Phila., 93 Pa. 225.

The foot-front rule does not apply, owing to the inequality in the assessment: Hammett v. Phila., 65 Pa. 146; Washington Ave., 69 Pa. 352; Kaiser v. Weise, 85 Pa. 368; Craig v. Phila., 89 Pa. 269; Phila. v. Rule, 93 Pa. 15; Scranton v. Coal Co., 105 Pa. 448; Keith v. Phila., 126 Pa. 581; Harrisburg v. McCormick, 129 Pa. 213.

*W. B. Rodgers, R. C. Rankin* with him, for appellee.—The question as to whether this was Cliff street was a question for the jury and the court charged that the question was, whether it is a public highway and had it a name and location as Cliff street? If it was not, the defendants could escape liability, but if it' was, then the borough had a right to improve under the ordinance.

There was sufficient proof that a majority of property owners had signed the petition.

A valid lien was filed, and if not it was amendable after the verdict. An objection after plea is too late: Fahnestock v. Speer, 92 Pa. 146.

The lien filed was in accordance with the act of 1867.

The foot-front rule applies: Hammett v. Phila., 65 Pa. 155; McCormick v. Harrisburg, 129 Pa. 216; Michener v. Phila., 118 Pa. 535.

OPINION BY MR. JUSTICE GREEN, Jan. 7, 1895:

The learned court below instructed the jury that if "there never was, nor now legally is, a Cliff street" this is a good defence, "if it be established that the improvement made was not of a public highway or street known and recognized as such and identified as Cliff street." The petition and ordinance were for the improvement of Cliff street between Fifth avenue and Elm street, and it was not disputed that there was originally a township road between those points, on which the defendants' property abutted; as to whether this was a part of Cliff street there was conflicting testimony, and the question was necessarily for the jury. They have decided that question in favor

of the city, and we cannot reverse their verdict. The fact that it was a public highway was not disputed, and whether it was known as Cliff street was a pure question of fact.

There was affirmative testimony that the petition was signed by a majority of the property owners along the line of the improvement, and we are not referred to any testimony which denied the fact. Of course it was a question for the jury and as such was referred to them by the court.

The lien is certainly lacking in not defining in some way the depth of the lot. But the frontage is given and the boundaries on either side, and a petition to amend the description was presented to the court after verdict, and allowed. This petition is not printed by the appellant and the inference therefore arises that the defect in the description was cured by the amendment. The act of 1867, P. L. 732, under which the proceeding was had, expressly provides that no error in the names, or misdescription of the property, shall vitiate the statement of claim, and that the same may be amended on application to the court. As no limit of time is prescribed within which the petition to amend must be filed, it may be presented at any time before the statute of limitations has closed on the claim.

The appellants contend that the lien was not filed in accordance with the act of 1867. An examination of the record in relation to this subject shows that the petition for the passage of the ordinance asks that it be granted under the provisions of the act of 1867 and its supplements. The ordinance declares that it is enacted under the provisions of the same act and its supplements. The claim of lien declares that the work was done and the assessment made under the provisions of the act of 1867, and that the claim is filed in accordance with that act. The affidavit of claim alleges that the ordinance was passed, the grading and paving done, the amount assessed and demand made, in accordance with the same act and its supplements, and that a lien was filed in accordance with the act of 1891, P. L. 69. The latter act does not repeal or change the provisions of the act of 1867, but is rather intended to provide somewhat more specifically for the practice in cases where any final assessments have been made. It is true it says the lien shall date from the time of the final confirmation of the report under which the assessment may have been made, but it does not invalidate

assessments which have not been made in that way. It, of course, would be applicable to all such assessments as require a final confirmation of a report under which they were made, or a final decree of the court fixing such assessments. The requirements of a valid lien fixed by the second section of the act appear to have been complied with in the lien filed in this case. The claim of lien contains the names of the owners or reputed owners, a reasonable description of the property, as amended, the amount claimed to be due, for what improvement the claim is made, and the time when the final assessment was made, and the authority by which it was made. These are all the requisites of the act of 1891, and as these were valid under the special law of 1867 we discover no reason for holding them invalid under the act of 1891.

We can discover no good reason for holding that the foot-front rule does not apply. The act of 1867 especially enjoins it, and objections to its application growing out of inequalities of the surface which seem to make some cases harder than others, are not fundamental so as make the rule inapplicable on that account. It may well be that the improvement is less valuable to some owners than to others, and that the burthen of payment is more oppressive to some than to others, but that consideration cannot suffice to change the application of the rule. In City v. McCormick, 129 Pa. 213, speaking upon this subject, we said, "It is perhaps impossible to frame any general rule that would produce exact uniformity and do equal justice in all cases. This arises from the fact that a rule to be valid must be general, and the further conceded fact that, in the application of all general rules, there will be cases of individual hardships."

In Michener v. Philadelphia, 118 Pa. 535, we said, "The plaintiff alleges, however, that his property is not benefited by the sewer. He may or may not be mistaken in this. We cannot say. But this is a species of taxation, and all taxation is presumed to be for the benefit, directly or indirectly, of the taxpayer or his property. Laid as taxes are under general laws, there will always be cases of apparent individual hardship. . . . And it would be intolerable if in every instance of a special taxation the question of benefits could be thrown into the jury box." In Hammett v. Phila., 65 Pa. 155, SHARSWOOD, J., delivering the opinion, said, "Perhaps no fairer rule can be

adopted than the proposition of feet-front, although there must be some inequalities if the lots differ in situation and depth. No system of taxation which the wit of man ever devised has been found perfectly equal."

The appellants are doubtless unfortunately circumstanced in respect of the character of their surface, but that fact cannot change the application of the rule. We see no error in the record and the assignments of error are all dismissed.

Judgment affirmed.