## Scranton City *v.* Clarke, Appellant.

*Road law—Paving—Lien—Assessment—Acts of May 23, 1889, P. L. 277 and May 16, 1891, P. L. 69—Statutes—Repeal.*

A lien for paving assessed according to the foot-front rule in proceedings under the Act of May 23, 1889, P. L. 277, entitled " An Act providing for the incorporation and government of cities of the third class," is good, if a specification of lien has been filed within six months after the completion of the work.   The Act of May 16, 1891, P. L. 69, providing for the filing of a lien within six months from the date of final assessment, has no application to proceedings under the Act of May 23, 1889, P. L. 277, and the Act of May 16, 1891, P. L. 69, does not in this particular repeal the act of 1889.

Argued Feb. 28, 1907.   Appeal, No. 25, Jan. T., 1907, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1902, No. 301, for plaintiff on demurrer in case of City of Scranton v. E. M. Clarke.   Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Demurrer to scire facias sur municipal lien.  Before ED-WARDS, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in sustaining the demurrer.

*Thomas P. Duffy*, for appellant.—The Act of May 16, 1891, P. L. 69, governs in the mode of procedure in the filing and collection of municipal claims: McKeesport Boro. v. Busch, 166 Pa. 46 ; Scranton v. Davidson, 3 Lackawanna Jurist, 141 ; Beltzhoover Boro. v. Beltzhoover's Heirs, 173 Pa. 213.

*David J. Davis*, city solicitor, with him *H. R. Van Deusen*, assistant city solicitor, for appellee.

OPINION BY PORTER, J., October 7, 1907 :

The city of Scranton, upon the petition of the appellant and others, being a majority in number of owners of abutting property, paved West Lackawanna avenue and assessed the cost of the improvement against abutting property according to the foot-front rule.   There is no suggestion of any irregularity in the proceedings under which the improvement was made, nor that the property was not of a character properly assessable according to frontage.   The city filed a lien against the property of the defendant and issued a scire facias thereon, to which the defendant demurred, upon the ground that the claim had not been filed within six months from the date of the assessment.   The court below overruled the demurrer and the defendant appeals.

When the defendant and other property owners joined in the petition to councils, praying that the street be paved, " and that the cost of said improvement be assessed against abutting property owners according to the foot-front rule and be made payable in five annual installments," they elected to have the work done under the provisions of the Act of May 23, 1889, P. L. 277, entitled " An act providing for the incorporation and government of cities of the third class."   This conferred upon the city jurisdiction to make the improvement as prayed for, and to assess the property and collect the assessments in the manner provided by the statute which the appel-

lant had invoked. The twenty-first section of the statute provides that such assessments "shall be and remain first liens on the respective pieces of land fronting on the streets in which the improvement is made, or on the land assessed for such improvement or benefits, as the case may be, from the commencement of the improvement for which the assessments were made until six months after the completion of the work, and no longer, unless a specification of lien be filed in the prothonotary's office of the county in which the city is located, in the city lien-docket, within said period." Assessments for paving, under this statute and the ordinances of the city passed in pursuance thereof, are not made by a board of viewers appointed by the court whose report is confirmed or modified by the court, but are made by a city officer and merely involve the ascertainment of the total cost of the improvement and the distribution of it among the various properties in proportion to frontage. The lien in the present case was filed under the provisions of the act of 1889 and having been filed within "six months after the completion of the work," was valid, unless the above quoted provision of the statute was repealed by the Act of May 16, 1891, P. L. 69. The appellant contends that the provision of the act of 1889 above quoted is repealed by the first section of the act of May 16, 1891, which is in these words: "That whenever, hereafter, there shall be any final assessment made on any property to pay for the costs, expenses and damages, or either, of any municipal improvements, whether such improvement has been heretofore made or is now in progress, or shall hereafter be made by any city, borough, township or other municipal division of the state, the property so assessed shall be subject to a lien for the amount of such assessment, said lien to date from the time of the final confirmation of the report under which said assessment may be made, or a final decree of the court fixing such assessment, and shall, if filed within six months from the date of said final assessment or confirmation, remain a lien upon said properties, until fully paid and satisfied." The act of 1889 gives to cities of the third class a lien for assessments under the foot-front rule for paving from the date of the commencement of the improvement and continuing until six months after the completion of the work, and provides for the con-

tinuance of that lien by the filing of a claim within six months from the completion of the work. The period of the limitation within which the lien must be filed begins to run from the completion of the work. The assessment may under that act be made before the work is commenced, but no lien attaches until the work is actually begun. If, under that statute the assessment is not made until after the work is completed, the delay in making the assessment cannot extend the period within which the municipality must file a lien; that must be done within six months after the work is completed.

The Act of May 16, 1891, P. L. 69, is a part of a system of general affirmative legislation, relating to municipal improvements, the ascertaiment of the damages resulting therefrom, the assessment of the cost thereof upon property benefited and the manner of collecting such assessments; conferring additional cumulative powers on municipalities of all grades, which was enacted during the legislative session of 1891. Mr. Justice MITCHELL in referring to one of the Acts constituting a part of this system, that of May 16, 1891, P. L. 75, thus refers to the history and purpose of the legislation. "In the task of steering through constitutional restrictions, . . . . the legislature had found difficulty in constructing statutes conferring powers and modes of procedure suitable to all the diverse needs, situations and wishes of the multitude of municipal organizations in the state. In the effort some well intended acts had come to naught, and others had been shorn of sections that left inconvenient gaps here and there in the whole system. It was to fill these gaps, to supply the casus omissi, and to supplement powers doubtful or defective, that the act of 1891 was passed. It took away no power from any municipality that existed before, nor interfered with any mode of its exercise, except as already said, where there is an irreconcilable repugnancy: " Hanover Borough's Appeal, 150 Pa. 202. The Act of May 16, 1891, P. L. 75, conferred upon all municipalities the power to make many public improvements and provided for the assessment of the costs and expenses of such improvements upon property benefited by boards of viewers appointed by the court of common pleas of the county and for the supervision, confirmation or modification of the reports of such boards of viewers, by the court; the confirmation or

decree of the court is, under that statute, the final assessment. That act did not make the assessments liens upon the property. The statute with which we are now dealing, Act of May 16, 1891, P. L. 69, is a companion piece of legislation, and completes the system; it makes the final assessments liens "from the time of the final confirmation of the report under which said assessments may be made, or final decree of the court fixing such assessments." These statutes contained no express repeal of any prior statute, and it has been repeatedly held that they did not repeal any portion of any former statute by implication unless the system provided by the legislation of 1891 was so inconsistent with that previously existing as to make it impracticable to stand together: Hand v. Fellows, 148 Pa. 456; Hanover Borough's Appeal, 105 Pa. 202; McKeesport Borough v. Busch, 166 Pa. 46; Seaman v. Borough of Washington, 172 Pa. 467; Bowers v. Braddock Borough, 172 Pa. 596; Beltzhoover Borough v. Beltzhoover's Heirs, 173 Pa. 213. When a street is paved under the provisions of the act of 1889, the costs to be assessed upon abutting property under the foot-front rule, there is no " final confirmation of the report under which said assessment may be made, or a final decree of the court fixing such assessments," nor does the law make provision for such confirmation or decree. If, therefore, the act of 1889 is repealed by the act of 1891 the municipality never could acquire a lien against property, under the provision of the latter act, for assessments made under the foot-front rule. The act of 1889 makes the property, where the owners have elected to have the improvement made and the cost thereof charged against the property according to frontage, subject to a lien from the time the work is commenced, and requires that the claim shall be filed within six months after the work is completed, in order that the lien may be continued; the lien in such a case is not dependent upon the assessment. The act of 1891 provides that the lien shall date from the time of the final confirmation of the report under which the assessment may have been made, but it does not invalidate assessments, nor vitiate liens made, or acquired, under earlier statutes, which do not require a report of viewers. McKeesport Borough v. Busch, supra. It is applicable to all such assessments as require a final confirmation of a report

under which they may be made, or a final decree of the court fixing such assessments. The provisions of the act of 1889, so far as they relate to assessments under the foot-front rule, are not repealed by the act of 1891, and the lien in this case was valid under the former statute.

The judgment is affirmed and the record remitted with a procedendo.