## Somerset and Stoystown Road.

1. The repeal of statutes by implication is not favored.

2. If there be two affirmative statutes on the same subject, there must be a clear inconsistency or repugnancy, that the later one may repeal the former.

3. A subsequent affirmative-statute is a repeal of a former as to the same matter, if it introduces a new rule and is intended as a substitute for the former.

4. The Acts of April 3d 1851 and April 22d 1856, in boroughs to which they apply, supersede and repeal so much of the General Road Law of June 13th 1836, as they supply.

5. By streets and alleys "therein," under sect. 1 of Act of 1856, is meant such as begin and end in a borough, and within its limits, not public roads.

6. The borough law as to streets, &c., does not apply to public roads through a borough of which only a part is within the borough limits.

7. The Borough Acts of 1851 and 1856, in relation to roads, construed in connection with the General Road Law of 1836.

| 74 | 61 |
|---|---|
| 160 | 106 |
| 74 | 61 |
| 20 SC | 588 |
| 74 | 61 |
| 21 SC | 239 |
| 74 | 61 |
| 31 SC | 476 |

May 13th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Certiorari to the Court of Quarter Sessions of *Somerset county :* No. 70, to May Term 1873.

In the matter of a public road from Somerset to Stoystown.

On the 19th of February 1872, a petition was presented to the Court of Quarter Sessions of Somerset county, setting forth " that

[Somerset and Stoystown Road.]

a road from Somerset borough to the borough of Stoystown was laid out on the —— day of —— 1798, and ordered to be opened —— feet wide, and that part of said road from the north-west corner of the lot of George W. Pile, in Somerset borough, to the south-west corner of the lot of Henry F. Knepper, in Somerset township, is found to be too narrow to accommodate the public;" and praying the court to appoint three persons to widen and straighten the same, &c.

Viewers were appointed, who reported in favor of widening and straightening the road. The report was confirmed nisi May 7th 1872, and court fixed the width of the road at thirty-six feet.

The Court of Quarter Sessions, on February 6th 1852, "decreed that the borough of Somerset be subject to the restrictions, and possess the powers and privileges conferred by the Act of Assembly, entitled 'An Act regulating Boroughs,' approved 3d April 1851. And it is further ordered and decreed that the provisions of the former charter of the said borough shall be and they are hereby annulled by this decree, so far as they are in conflict with the Act of Assembly aforesaid."

The portion of the road west of the Stoystown bridge is within the corporate limits of the borough of Somerset, and the portion east of said bridge is in Somerset township.

H. J. Pickings filed exceptions, to wit :—

1. The Court of Quarter Sessions has no jurisdiction in the matter.

2. That portion of the road within the borough is regulated by the Burgess and Council.

On the 25th of November 1872, the court confirmed the report, holding that the Court of Quarter Sessions had jurisdiction in the premises.

Pickings removed the record to the Supreme Court by certiorari, and assigned for error that the court erred in deciding " that the Court of Quarter Sessions has jurisdiction under the Act of 13th June 1836, to lay out a public road, and under the Act of 8th May 1850, to widen a public road within the limits of a borough; and in confirming the report."

*A. H. Coffroth*, for certiorari, referred to Act of April 3d 1851, § 1; Pamph. L. 320; 1 Br. Purd. 167, pl. 15; Street in Allegheny, 5 Casey 391; Road in Milton, 4 Wright 300.

*A. J. Colborn*, contrà.

The opinion of the court was delivered, July 2d 1873, by

SHARSWOOD, J.—The repeal of statutes by implication is certainly not favored. Where there are two affirmative statutes on the same subject, there must be a clear inconsistency or repug-

[Somerset and Stoystown Road.]

nancy between them in order that the later one shall produce this result: Street *v.* The Commonwealth, 6 W. & S. 209; Bank *v.* The Commonwealth, 10 Barr 448; Brown *v.* The County Commissioners, 9 Harris 37; Opdyke's Appeal, 13 Wright 373. Yet a subsequent affirmative statute is a repeal by implication of a former one made concerning the same matter, if it introduces a new rule upon the subject and is evidently intended as a substitute for the former law: Johnston's Estate, 9 Casey 511. Before the Act of April 3d 1851, Pamph. L. 320—the General Borough Law— many special charters to particular boroughs vested them with powers to lay out and open roads, streets and alleys within their limits, but unless where exclusive language was used, as in the case of The Road in the Borough of Easton, 3 Rawle 195, they were always held not to repeal the General Road Law: Road in Moyamensing, 4 S. & R. 106; Road in Mercer, 14 Id. 447; The Newville Road Case, 8 Watts 172; Sharett's Road, 8 Barr 89. The Act of 1851 provided that the boroughs should have power "to survey, lay out, enact and ordain such roads, streets, lanes, alleys, courts and common sewers as they may deem necessary, and to provide for, enact and ordain the widening and straightening of the same." It enacted also "that like proceedings shall be had for the opening, widening and straightening of the roads, streets, lanes, courts and alleys laid out and ordained in accordance with the provisions of this act, as are provided for the laying out and opening of public roads within this Commonwealth," and "that such streets, lanes and alleys shall not be opened for public use until the damages shall be liquidated; and upon any amounts due or to become due by borough corporations for the purposes aforesaid, interest shall be allowed and paid from the date of the adjudication of said damages;" and further, "that all damages assessed beyond the value of the land thus appropriated to public use shall be paid by the corporation, and the jury shall separately assess the same." The Act of April 22d 1856, Pamph. L. 525, entitled "A Supplement to the Act regulating Boroughs," provides "that whenever the burgesses and town council of any borough shall open or be about to open any streets or alleys therein or to widen and extend the same," they may apply by petition to the Court of Quarter Sessions, who shall appoint seven disinterested freeholders of such borough as viewers, who shall proceed to assess the damages to all persons injured, and shall also make assessments for contribution upon all properties benefited. It must be admitted that the differences in the proceeding thus provided for and that under the General Road Law of 1836 are very important, and it can scarcely be supposed to have been within the intention of the legislature that any person, by applying for a view of a road or street within a borough, can have it opened and laid out by an order of the court without the action of the borough authorities,

[Somerset and Stoystown Road.]

and thereby throw the damages upon the county treasury, without any contributory assessments upon the properties benefited. It may be therefore, and there is great reason to hold, that as to streets and alleys within the limits of the borough, to which the Acts of 1851 and 1856 are confined, the provisions of these acts supersede and repeal so much of the General Road Law as they supply. But by streets and alleys "therein"—that is, within the borough limits—must necessarily be meant such as begin and end therein, and not such public roads as are or may be opened through the borough, of which a part only is within the borough limits. As to such roads there is nothing in either of these acts to repeal the general law or repugnant to it. Most of the boroughs have had their beginnings by a few houses built along some public road, and not unfrequently where two roads cross each other. In laying out and opening such a road between distant termini, though it may be laid out through a borough, or in widening and straightening one already laid out and opened, to require that as to the part within the borough one proceeding shall be followed, and as to so much as lies without, another and different proceeding, would be to introduce unnecessary complication. Besides, a public road laid out and opened by order of the court under the General Road Law must be presumed necessary for the accommodation of the public at large, and not of the inhabitants of the borough only; yet if the construction now contended for prevail, such a road under the Acts of 1851 and 1856 could not be laid out through a borough without the concurrence of the borough authorities. In the case presented to us upon this record it appears that a road was laid out by public authority, in the year 1798, from Somerset borough to the borough of Stoystown, and the petition, upon which the proceedings below were founded, represented that part of said road, from a point in Somerset borough to a point in Somerset township, was too narrow to accommodate the public, and prayed for the appointment of viewers to widen and straighten the same. This was not, then, the case of a street or alley in the borough of Somerset. One of its termini is beyond the limits of the borough. We are of opinion with the learned judge below that the Court of Quarter Sessions had jurisdiction on the petition, and that the proceedings were warranted by the Acts of Assembly.

Proceedings affirmed.

Mercur, J., dissented.