## NORRISTOWN'S APPEAL.

A borough is liable for damages caused by change of grade where the borough authorities have cut down an established road.

The Act of May 24, 1878 does not limit the time for commencing proceedings.

Appeal from Common Pleas of Montgomery County. No. 379, January Term, 1883.

The facts of the case appear in the opinion of the Court below, which was as follows, per

BOYER P, J.:

The proceeding for the assessment of damages caused by the grading of Stanbridge street, in the Borough of Norristown, was instituted under the Act of 24th of May, 1878, P. Laws, 129. The petition of Sylvester Slough for the appointment of viewers to assess damages was presented to the Court of Common Pleas on the 12th of September, 1882. It is contended by the exceptants that the petition was too late, having been presented after the lapse of a year from the fixing of the grade by the Town Council. The grade was fixed by the Town Council, as appears from their minutes, the 4th of May 1881. But the Act of 1878, authorizing this proceeding, does not fix any limitation for the commencement of proceedings either expressly or by reference to the general road laws, as in the case of the City of Philadelphia vs. Wright, 12 W. N. C., 401 ; and, therefore, that case cited by exceptant's counsel in support of this position is not applicable. Besides it does not appear that there was any notice of the fixing of a grade to the petitioner either personally or by publication.

It is a sufficient answer, however, that there is no limitation of time presented by the Act of 1878.

It is said that the damage caused by the change of grade, if any, should be paid by the county, and that the borough is not liable. But, assuming the county to be liable for the injury caused by the grading of a *new* street laid out and opened under the Act of 26th of March, 1853, P. Laws 228 ; Stanbridge street was not a *new* street so laid out, but an old township road, thirty-three feet in width, which the Commissioners

under the Act of 1853 widened to sixty-six feet, and in so doing encroached sixteen and a half feet upon the land of the petitioner along his front upon that street. For the damage done by the widening, the county is liable under the proceedings directed by the Act; which are the same as under the general road law of 1835. But the grade of the old road had been long before established by the township supervisors, and so used for many years by the public. The grade was adapted to all purposes of an ordinary highway. The Town Council fixed another and lower grade, cutting down the road bed about seven feet in front of the petitioner's property. This was a change of grade for which, in the opinion of the Court, the Borough of Norristown alone is answerable in damages; and the Act of 1878, already referred to, provides the proper proceeding to have them assessed.

But the viewers having assessed the damages caused by the grading have also separately assessed the damages for the taking of the land and the buildings thereon at the sum of five hundred and fifty dollars. This part of the finding must be set aside, because such damages are properly chargeable to the county, for the assessment of which there is a different proceeding provided in the Quarter Sessions as if under the general road law. The petitioner pending these proceedings has already sought his remedy for the last mentioned damages in the Court of Quarter Sessions by a proceeding there.

And now March 5, 1883, the exceptions are dismissed and the report of the viewers confirmed as to the two hundred and thirty dollars assessed as damages for the change of grade; and judgment for the same in favor of the petitioner, Sylvester Slough, and against "The Burgess and Town Council of the Borough of Norristown," is directed to be entered with costs; and the said report is set aside as to the five hundred and fifty dollars assessed as damages for the taking of the land and injury to the buildings thereon. And all exceptions not disposed of by these rulings are dismissed.

The Borough of Norristown then appealed, complaining of the judgment of the Court in holding that the Borough was

liable when it caused the grade to be changed; and also in holding that Sylvester Slough's claim was not barred by limitation.

*L. M. Childs, Esq.*, for appellant, cited Road in Milton, 40 Pa., 300; New Brighton vs. Church, 96 Pa., 331; Act March 26, 1853, P. L. 228; Act May 9, 1871, P. L. 639; Freeze vs. Columbia County, 6 W. N. C., 145; Church Road, 5 W. & S., 200; Liberty Alley, 8 Pa., 381; Van Swartow vs. Commonwealth, 24 Pa., 131; Borough of Little Meadows, 28 Pa., 256; Philadelphia vs. Wright, 12 W. N. C., 401; Turner's Case, 4 W. N. C., 443.

*Brunner, contra.*

The Supreme Court affirmed the decree of the Common Pleas on May 14th, 1883, in the following opinion,

PER CURIAM:

The damages decreed against the Borough were those only caused by cutting down and changing the grade of the street. The grade was changed under and in pursuance of a resolution of Council. The street had been laid out and opened many years before under authority from the Court of Quarter Sessions. For damages then sustained the Court held that the County and not the Borough was liable. It, however, held that for the new and separate act of the Borough, the Borough alone was liable. In this it was correct. It matters not that previously to that time the street had not been changed from its natural grade; Borough of New Brighton vs. United Presbyterian Church, 96 Pa., 331.

> Decree affirmed and appeal dismissed at the costs of the appellant.