# Palo Alto Road.    Appeal of Wright, Admr. of Haywood.

160      104
20 SC 158

160      104
31 SC 476

*Road law—Boroughs—Acts of April 3, 1851, and June 13, 1836.*

The exclusive power of the authorities of a borough to regulate roads, streets, alleys, etc., under the act of April 3, 1851, P. L. 320, does not extend to public roads laid out to a point within the borough limits where only a part of the road is within the borough.

The meaning of the words "roads, streets and alleys," in the act of April 3, 1851, is confined to such as begin and end in the borough, and not to such roads as are or may be opened through the borough of which a part only is within the borough limits.

The general borough act of April 3, 1851, P. L. 320, does not repeal the general road law of June 13, 1836, P. L. 551, authorizing the court of quarter sessions to lay out private roads, although such private roads be entirely within the borough limits.

Argued Feb. 13, 1894. Appeal, No. 29, Jan. T., 1894, by Thomas F. Wright, admr. c. t. a. of Benj. Haywood, deceased, a property owner, from order of Q. S. Schuylkill Co., dismissing exceptions to report of viewers vacating street.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Affirmed.

Exceptions to report of viewers vacating street.

Opinion of court below was as follows, by BECHTEL, J.:

" Has the court jurisdiction, and if so should the report be confirmed?   Palo Alto was incorporated by virtue of the act of May 29, 1854, and made subject to the general borough act of 1851.   It is claimed that as the portion of the road which is to be vacated under this report is now within the borough, the court has no jurisdiction, but the power is in the borough authorities.   The act of February 11, 1854, P. L. 62, entitled 'an act to consolidate and amend the road laws in the counties of Beaver, Butler and Lawrence,' was extended to the county of Schuylkill, by the act of March 6, 1860, P. L. 105.   This act contains no restriction on the power of the court to vacate any street, lane or highway, such as is found in the twenty-second section of the general road law, or act of June 13, 1836.   Since the act which confers the power upon the court is much later than the act incorporating the borough of Palo' Alto, and in view of the decision in Union Street, Pottsville Borough, 140

Pa. 525, there may be ground for discussion as to whether the jurisdiction is really not conferred by our act of 1860.

" There are, however, facts in this case, which, in our judgment, render it unnecessary that we should consider or determine the effect of the act of 1860. The short piece of road which it is proposed to vacate begins at the eastern end of the ' old Palo Alto bridge,' and extends over the four or more tracks of the Reading company, making one of the most dangerous grade crossings in this county. It forms a portion of the public highway which formerly led from the borough of Pottsville through the borough of Palo Alto into the borough of Port Carbon and adjoining townships. It never was wholly within the borough of Palo Alto. It neither began in the borough of Palo Alto, nor did it end there. Until quite recently both its beginning and ending were entirely outside the borough, and now its termination is far beyond the borough limits. It has always been one of the most frequently traveled public highways, over which the people of the Schuylkill valley passed in coming to the county seat and other points. Through the borough of Palo Alto it is known as Bacon street. For years the grade crossing has been regarded as exceedingly dangerous, and public travel has been much interrupted and annoyed.

" In consequence of this state of affairs a new bridge has been erected of a most substantial character, over 500 feet long, and but a short distance away from the old bridge, but which avoids the grade crossing as it stretches over the river, canal and all the railway tracks, and connects the same streets, to wit: Worman street in Pottsville, with Bacon street in Palo Alto. Already the old bridge, which was partly in the borough of Pottsville and partly in the borough of Palo Alto, has been vacated and the new bridge and its approaches opened. These facts appear from the report and the map, and are not and cannot be denied. In addition to this, it may be truthfully said that this road was in existence long prior to the incorporation of Palo Alto. It is now claimed by the exceptants that a part of this road, to wit, the bridge, has been recently vacated; it now begins in the borough of Palo Alto, and therefore the court has no jurisdiction. No one ever questioned the jurisdiction of the court when we had before us the report vacating the old bridge and opening the new bridge and its approaches. If we had ju-

risdiction then, we feel confident we have now, for had that report vacated 150 feet more than it did, it would have included the part now in question, and no possible question of jurisdiction could have arisen.

" We think, however, the authorities cited by the exceptants determine this question clearly and fully.   The leading case upon this subject is the Somerset and Stoystown Road, 74 Pa. 61, in which the proceeding was to widen and straighten a road from a point in Somerset borough to a point in Somerset township.   After considering the acts of 1851 and 1836, and fully discussing the subject of repeal, the court say : ' But by streets and alleys " therein," that is, within the borough limits, must necessarily be meant such as begin and end therein, and not such public roads as are, or may be opened through the borough, of which a part only is within the borough limits.   As to such roads, there is nothing in either of these acts to repeal the general law, or repugnant to it.   In laying out and opening such a road between distant termini, though it may be laid out through a borough, or in widening or straightening one already laid out and opened, to require that as to the part within the borough one proceeding shall be followed, and, as to so much as lies without, another and different proceeding, would be to introduce unnecessary complication.'

" It was decided that as one of the termini was beyond the borough limits, the jurisdiction was in the court, although the other of the termini was within the borough.   Of course, the rule would be the same when the proceeding is to vacate, and therefore the case in hand seems to be the very counterpart of the case above cited.   This case is cited and approved in South Chester Road, 80 Pa. 370.   The case of Osage Street, 90 Pa. 114, so much relied upon, is a proceeding to vacate, and to distinguish it from the case before us we need but give a few extracts from the opinion.   Justice WOODWARD says : ' Osage street was dedicated to the use of the public by Charles Hacker by deed executed on the 21st day of November, 1864, and duly recorded, and was adopted as one of the streets of South Bethlehem on the 20th of September, 1875.'   The street existed therefore by virtue of an express grant, and came directly within the proviso of the 22d section of the act of 1836, which forbids its vacation by court.   But, in addition to this,

it is one of the streets of the borough of South Bethlehem by adoption, and wholly within the borough, having its beginning and ending within the borough limits. It is therefore directly within the ruling of Somerset and Stoystown Road Case, supra. In Parkersburg Borough Case, 124 Pa. 525, the Supreme Court cite and approve both the foregoing cases, and Justice CLARK strongly states the court's conclusion in this language : ' While the exclusive power of the authorities of a borough to enact and ordain streets, alleys, etc., under the act of 1851, is un-- doubted, by streets, alleys, etc., "therein," is meant such only as begin and end within the limits of the municipality. This exclusive provision does not extend to public roads, laid out through or to a point within the borough limits. The court of quarter sessions has undoubted authority in such cases under the general road law of 1836.' He then proceeds to show that under the general borough law of 1851 this right is recognized in the 27th section.

"We are therefore led to the conclusion that, under these authorities, the jurisdiction in this case is in the quarter ses-- sions, since the road is not one wholly within the borough limits.

"Should the court approve of the report of the viewers in op- position to the vacation, or the reviewers recommending the va-- cation ? We have but one party objecting to this vacation, to wit, the representative of the Haywood estate. The estate is interested in real estate adjoining the street proposed to be va- cated, upon both sides. In fact no other property owners ad- join except the railway company's tracks or right of way. The vacation of this small piece of street will not prevent its use as a private road from the crossing to Worman street. The gen- eral borough act of 1851 does not repeal the general road law of 1836, authorizing the court of quarter sessions to lay out private roads, although such private roads be entirely within the borough limits. See Private Road in Huntingdon Borough, 149 Pa. 133. By proper action the street and old bridge may still be available to this particular property. The vacation will in such case but remove the dangerous grade crossing, and re- lieve the public authorities from the necessity of keeping the road and bridge in repair. The boroughs of Pottsville and Palo Alto, the county officials and the railway company all desire and urge its vacation. Large sums of money have been con- tributed by these boroughs, the company, the county, and the

electric railway company, together amounting to many thousands of dollars, for the construction of the new bridge.  The object of all this was to be relieved of the serious inconvenience and danger attending public travel at this crossing.  Under these circumstances the assent of the court ought not now to be withheld, when this public improvement has thus been obtained.

" It is proper to say that in part the statements herein contained in relation to the incorporation of Palo Alto, the original termini of the road, the record of the vacation of the old bridge, and the opening of the new, are based upon matters which counsel assented to, and which are therefore regarded as facts in the case, it being well known that the truth thereof could readily be established.

" And now, September 14, 1893, the report of the reviewers is hereby confirmed, the exceptions being overruled for the reasons above given."

*Errors assigned* were dismissing exceptions, quoting them.

*P. M. Dunn*, for appellant, cited: Acts of May 29, 1854, P. L. 1855, p. 717; April 3, 1851, P. L. 320; Feb. 11, 1854, P. L. 62; 1860, P. L. 105; April 12, 1869, P. L. 862; South Chester Road, 80 Pa. 370; Osage Street, 90 Pa. 114.

*F. W. Bechtel*, *John F. Whalen* with him, for appellee, cited: Acts of June 13, 1836, P. L. 531; April 21, 1846, P. L. 416; April 3, 1851, P. L. 320; May 3, 1855, P. L. 422; Stuber's Road, 28 Pa. 199; Krier's Road, 73 Pa. 109; Askin's Street, 41 Leg. Int. 281; Greenwich Township Road, 11 Pa. 187; Osage Street, 90 Pa. 114; Callowhill Street, 32 Pa. 361; Newville Road, 8 Watts, 172; Gilmore v. Connellsville Borough, 15 W. N. 342; Twenty-eighth Street, 102 Pa. 140.

PER CURIAM, February 26, 1894:

The facts of this case and the questions arising thereon are clearly and accurately stated by the learned judge of the court of quarter sessions.  In concluding to dismiss the exceptions and confirm the report of the viewers for the reasons stated in his opinion we think he was clearly right and the decree is affirmed thereon.

Decree affirmed on the opinion of the court below, with costs to be paid by appellant.