## McLain *v.* West Washington Borough, Appellant.

*Road law—Change of grade—Boroughs—National road—Act of May 24, 1878, P. L. 129.*

A borough is authorized to change, within the borough limits, the grade of a road which extends beyond the line of the borough, and which was not laid out by the authorities of the borough; and in such a case, an owner of property injured may have the damages ascertained under the provisions

of the Act of May 24, 1878, P. L. 129. This rule applies to a street in a borough which is a part of the road known as the "National or Cumberland Road," originally constructed by the United States Government.

Argued April 18, 1906. Appeal, No. 155, April T., 1906, by defendant, from judgment of C. P. Washington Co., May T., 1905, No. 232, on verdict for plaintiffs in case of J. R. McLain and D. M. Campsey v. West Washington Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Appeal from award of jury of view. Before TAYLOR, J.

Defendant presented the following points :

1. The National Pike running through the borough of West Washington, which was graded by the defendant borough and for the grading of which damages are claimed in this case, is a public highway belonging to the state of Pennsylvania and is not a street of said borough within the meaning of the act of May 24, 1878, relating to the collection of damages for changing the grade of the streets of a borough. *Answer :* Refused, under the undisputed evidence of this case. The parties, plaintiff and defendant, have carried on this proceeding under the act of May 24, 1878, from the presentation of the petition for viewers under said act of assembly. [2]

2. If the jury find from the evidence that the plaintiffs' property abuts on what is known as the Cumberland road or the National Turnpike, and that the damages claimed in this case arose from a change in the grade of said National road or Turnpike within the limits of the said borough of West Washington in front of said property, then the verdict should be for the defendant, for the reason that the act of May 24, 1878, under which this proceeding is instituted, only applies to such streets as the borough is empowered to lay out, vacate, macadamize or pave, and does not apply to a turnpike owned by and under the control of the state of Pennsylvania. *Answer :* Refused. The uncontradicted evidence in the case is, and on the side of the defendant, that the portion of the National Pike running through what is now the borough of West Washington was turned over years ago to the said borough of West Washington, which borough took charge of and kept

up and used as one of its streets and finally changed the grade in question in front of the plaintiffs' property. [3]

3. Under all the evidence in this case the verdict should be for the defendant. *Answer :* Refused. [4]

Verdict and judgment for plaintiff for $750. Defendant appealed.

*Errors assigned* were (2–4) above instructions, quoting them.

*R. W. Irwin*, of *Irwin & Morgan*, with him *Jas. P. Eagleson*, for appellant.—That a turnpike is not a street within the meaning of the acts of assembly relating to boroughs we believe has been the uniform decision of the Supreme Court wherever the question has been raised : Somerset and Stoystown Road, 74 Pa. 61 ; Parkesburg Borough Streets, 124 Pa. 511.

The meaning of the words "roads, streets and alleys" in the act of April 3, 1851, is confined to such as begin and end in the borough, and not to such roads as are or may be opened through the borough, of which a part only is within the borough limits : Palo Alto Road, 160 Pa. 104 ; Shoe v. Nether Providence Township, 3 Pa. Superior Ct. 137 ; Wagner v. Salzburg Twp., 132 Pa. 636.

The act of 1878 applied only to those streets which were laid out and ordained by the borough, or over which the borough had acquired complete control, and had authority to vacate : Wilson v. Allegheny City, 79 Pa. 272.

*T. F. Birch*, for appellees.—In common parlance, the word "street" is equivalent to highway : Case on Road from Fitzwater St., 4 S. & R. 106 ; Sharett's Road, 8 Pa. 89 ; Stormfeltz v. Manor Turnpike Co., 13 Pa. 555.

It was the act done by the borough which caused the injury. The control of the Cumberland road within the borough limits had been turned over to the borough of West Washington in some manner which is immaterial, and no opposition to the change of grade in pursuance of the ordinance of said borough has ever been raised, nor does it exist : Mellor v. Phila., 160 Pa. 614 ; Cooper v. Scranton City, 21 Pa. Superior Ct. 17 ; Rothwell v. California Borough, 21 Pa. Superior Ct. 234 ; Norristown's Appeal, 3 Walker, 146.

For the carrying out of this provision of the constitution, the Act of May 24, 1878, P. L. 129, is the only one applicable to change of grade : South Brady Street, 29 Pa. C. C. Rep. 85; Seaman v. Boro. of Washington, 172 Pa. 467 ; Bowers v. Braddock Boro., 172 Pa. 596.

OPINION BY PORTER, J., October 5, 1906 :

The plaintiffs, on May 1, 1905, presented their petition to the court below, alleging that their property abutting on West Chestnut street, in the borough of West Washington, had been damaged by the grading of that street by said borough, and praying for the appointment of viewers under the provisions of the Act of May 24, 1878, P. L. 129. The court appointed viewers as prayed for, the viewers reported, the defendant borough appealed, and from the resulting jury trial we have this appeal by the borough.

It is an undisputed fact that the borough proceeded in a regular manner to grade West Chestnut street, and prior to undertaking such work and during the execution thereof, through its duly authorized representatives, took all the steps required by law in the case of grading a street which it had jurisdiction to thus improve. The only question is whether West Chestnut street was a street, within the meaning of the act of May 24, 1878, the material provisions of which are as follows : " In all cases where the proper authorities of any borough, within this Commonwealth, have or may hereafter change the grade or lines of any street or alley, or in any way alter or enlarge the same, thereby causing damage to the owner or owners of property abutting thereon, without the consent of such owner, or in case they fail to agree with the owner thereof for the proper compensation for the damage so done or likely to be done or sustained by reason thereof ; " the statute then proceeds to authorize the court of common pleas of the proper county to appoint viewers, provides for the manner of proceeding by the viewers and for an appeal from their report. The contention of the defendant borough is, that what is now known as West Chestnut street, within the limits of the borough, was a part of the road known as the " National or Cumberland Road," and that being a part of said road, it does not come within the operation of the statute in question. The fact that the street

is a part of the old "National Road" cannot, under the evidence in this case, be questioned. The evidence clearly indicated that that part of the National road within the borough limits had for a considerable period of time been known as West Chestnut street, in the borough of West Washington, and had been kept in repair by and was under the control of the borough authorities, and that fact is conceded by the learned counsel for the appellant.

The grading in question resulted in a substantial change from the grade at which the street had been for many years maintained. If the borough had authority to change the grade and that change resulted in damage to the property of the plaintiffs, then it was such an injury as would entitle the plaintiffs to compensation, under article XVI, section 8, of the Constitution of 1874. The Act of April 3, 1851, P. L. 320, section 2, expressly delegates to boroughs the power " To regulate the roads, streets, lanes, alleys, courts, . . . . and the heights, grades, widths, slopes and forms thereof; and they shall have all needful jurisdiction over the same." The authority to grade all streets and roads within the corporate limits is among the implied powers of a municipal corporation: City of Williamsport v. Commonwealth, 84 Pa. 493.

The act of 1878 is a remedy given to enforce the right guaranteed by the constitution, and it should receive a liberal construction: Borough of New Brighton v. United Presbyterian Church, 96 Pa. 331. The terms " street or alley," as used in that statute, include all highways which the borough has the authority to grade, alter and change, and it was held in Power v. Borough of Ridgway, 149 Pa. 317, that for damages resulting to property from change in the abutments of a bridge, which was part of a highway, this statute afforded an appropriate remedy. That a borough is authorized to change, within the borough limits, the grade of a road which extends beyond the line of the borough and which was not laid out by the authorities of the borough; and that, in such a case, an owner of property injured may have his damages ascertained under the provisions of the act of 1878, has been definitely decided: Norristown's Appeal, 3 Walker, 146 ; White v. Borough of McKeesport, 101 Pa. 394. The jurisdiction of the court of quarter sessions to authorize the laying out of a township road lead-

ing from a township into or through a borough, or to vacate such a road, cannot be questioned: Somerset and Stoystown Road, 74 Pa. 61; South Chester Road, 80 Pa. 370; Palo Alto Road, 160 Pa. 104. But the power to fix the grade of such a road within the borough lines, and to change it from time to time, is by law vested in the borough authorities: Rothwell v. California Borough, 21 Pa. Superior Ct. 234. If there is any special or local statute which exempts the National or Cumberland road from the general power of municipalities to change the grade of all public roads within their limits, such local statute was not offered in evidence in the court below, nor has it been called to the attention of this court. Upon the case as presented, the borough was authorized to change the grade of the street in question, and the plaintiffs were entitled to have their damages assessed under the provisions of the act of 1878. The assignments of error are dismissed.

The judgment is affirmed.