# Curtis, Appellant, *v.* Pittsburgh, McKeesport & Youghiogheny Railroad Company.

*Highway—Boroughs—Road not wholly in borough—Vacation —Railroad—Relocation by railroad—Elevation of road—Injury to adjacent property.*

1. Where a public road is not wholly within the borough limits, the jurisdiction to vacate the part thereof in the borough is not

vested in the municipal authorities, but in the Court of Quarter Sessions.

2. In an action against a railroad company for damages for consequential injuries to real estate resulting from the relocation and construction of defendant's railroad upon a borough highway adjoining plaintiff's land, where plaintiff admitted on cross-examination that the borough council had vacated the road in question prior to the date when the work complained of was commenced, but where it appeared from plaintiff's case that the road in question was not wholly within the borough limits but was a continuous public highway leading through the neighboring country and could not, therefore, be vacated by the borough council, the entry of a compulsory nonsuit was error.

Argued May 12, 1915. Appeal, No. 184, January T., 1915, by plaintiff, from order of C. P. Fayette Co., March T., 1913, No. 423, refusing to take off nonsuit, in case of Frank - Curtis v. Pittsburgh, McKeesport & Youghiogheny Railroad Company. Before BROWN, C. J., MESTREZAT, ELKIN, MOSCHZISKER and FRAZER, JJ Reversed.

Trespass to recover damages for injuries to plaintiff's property by reason of the relocation and elevation of a road adjacent thereto. Before UMBEL, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the nonsuit.

*A. E. Jones* and *D. M. Hertzog,* for appellant.

*W. J. Sturgis,* of *Reppert, Sturgis & Morrow,* and *E. C. Higbee,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 3, 1915:
The plaintiff claimed damages for consequential injuries to three certain pieces of real estate owned by

him in the Borough of Connellsville (formerly New Haven) growing out of the relocation and reconstruction of the defendant's railroad; he averred that "there was and had been for many years a public road, known as the Connellsville and Vanderbilt road (within said borough, known as Torrence avenue), so located as to pass along all three of said properties, enabling the plaintiff, together with the general traveling public, easily to get from one tract to the other; that said public road was and had been for years the general thoroughfare between said points (Connellsville and Vanderbilt) and extensively used by the abutting property owners and the general traveling public"; that "a section of this thoroughfare, adjacent to plaintiff's land, was rendered wholly unfit for travel by reason of the reconstruction of said railroad" thereon "with a fill......to the height of more than forty feet," thereby depreciating the value of plaintiff's properties.

At trial, plaintiff proved the construction of the embankment in Torrence avenue, that it materially interfered with access to and egress from his properties, and effectually blocked several streets and alleys upon which they abutted, thereby injuriously affecting their market value. Finally, he produced testimony to the effect that Torrence avenue was a "public road" which, when "it left the borough (of Connellsville), went to Vanderbilt and Dawson and Flatwoods and clear to Brownsville"; that it was "the country road leading out from that section" and "a main thoroughfare leading out to Dawson, Vanderbilt, Flatwoods and all the country out there." On cross-examination, however, the plaintiff was asked whether he did not know "as a matter of fact that before the railroad company started to make the fill that all that street, Torrence avenue, between your property and the foot of Limestone Hill, was vacated by ordinance"; and the further question was put to him: "Don't you know that the borough council of Connellsville vacated Torrence avenue from the rear of your tenement house

property over to the foot of Limestone Hill?" This was
followed by the question: "Then when the railroad com-
pany made a fill there, they made it after the borough
authorities had vacated the street?" All of which he
answered in the affirmative. On these answers the trial
court entered a nonsuit, which it subsequently declined
to remove, and the plaintiff has appealed.

From the opinion refusing to take off the nonsuit, it
seems that the court below must have either miscon-
ceived or overlooked material parts of the testimony
produced by the plaintiff. It is true the plaintiff ad-
mitted on cross-examination that, prior to the building
of the embankment by the defendant company, there had
been a vacation of Torrence avenue by borough ordi-
nance; but, in considering the effect of this admission,
it must be kept in mind that he produced evidence tend-
ing to prove that Torrence avenue was a continuous pub-
lic highway leading through the neighboring country
into and out of the Borough of Connellsville, and not
simply and exclusively a road within the confines of the
borough, and that in Palo Alto Road, 160 Pa. 104, we
decided that, where a "road is not wholly within the bor-
ough limits," the jurisdiction to vacate a part thereof in
the borough is not vested in the municipal authorities,
but in the Court of Quarter Sessions (also see Somerset
& Stoystown Road, 74 Pa. 61; Warner v. Coatesville
Boro., 231 Pa. 141, 148; St. David's Church v. Sayen,
244 Pa. 300). In other words, the plaintiff's declara-
tion averred that Torrence avenue was a general thor-
oughfare leading into and out of the Borough of Con-
nellsville, and he produced evidence tending to sustain
that averment; while he conceded the prior vacation by
borough ordinance, and sought to avoid the effect there-
of in another way than by simply standing on his right
to have the issue of the character of Torrence avenue
as a road submitted to the jury with proper instructions
on the law, yet, we see nothing in the record to justify
a finding that, at the time of trial, he abandoned the

right to insist upon the submission of that issue; and it is conceded that he so insisted at the argument of his motion to take off the nonsuit. Under the circumstances, although we feel that no error was committed in permitting the cross-examination complained of, yet, it is clear, as the record stood, the court below erred in entering the nonsuit.

The sixth assignment of error, which complains of the refusal to take off the nonsuit, is sustained; the judgment of the court below is reversed, and the record is remitted with a procedendo.