# Dormont Borough.

*Road law—Paving portion of public road in borough—Assess-
ments on abutting owners—Liability of borough—County road—
Act of May 11, 1911, P. L. 244.*

Where the county commissioners of a county and the authorities
of a borough coöperate to pave a width of sixteen feet of a public
road extending through the borough, under the Act of May 11, 1911,
P. L. 244, and agree that the county shall pay two-thirds of such
improvement and the borough pay one-third thereof, abutting own-
ers although they petitioned for the improvement, cannot be as-
sessed for the one-third cost thereof payable by the borough.

In such a case where the borough at the same time improves the
portion of the road or street outside of the strip of sixteen feet
paved, the borough may impose the cost of the latter improvement

upon the abutting owners, but in proceedings to assess benefits, the width of the road outside of the strip of sixteen feet paved, must be made to appear as also the cost of the improvement outside the limit of such strip, so that no portion of the cost of paving the strip shall be imposed upon the abutting owners.

Argued April 14, 1916. Appeal, No. 30, April T., 1915, by W. H. McMurray, from order of C. P. Allegheny Co., Jan. T., 1913, No. 2336, confirming report of viewers In re Petition of Dormont Borough. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Petition of the Borough of Dormont for the appointment of viewers to ascertain the costs and assess the benefits and damages for the grading, paving and curbing of West Liberty avenue from Ivywood avenue to the centre line of La Salle avenue, in the Borough of Dormont.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* among others were (5) in dismissing an exception to the effect that the report filed by the viewers did not set forth the findings of fact and conclusions of law; and (7) order confirming report of viewers.

*M. H. Stevenson,* for appellant.—Where a highway has been improved either at public expense or the expense of the adjoiners, the abutting owners are not liable for its repaving: Greensburg Boro. v. Laird, 138 Pa. 533; Philadelphia v. Eddleman, 169 Pa. 452; Leake v. Philadelphia, 171 Pa. 125; Chester City v. Evans, 32 Pa. Superior Ct. 641; Philadelphia v. Hafer, 38 Pa. Superior Ct. 382.

*John S. Cort* and *Edwin W. Smith,* for appellee.— Under the authorities in this State there is no reason why a municipality may not make any improvements to any part of a street, although that part be a longitudinal

section, and charge abutting owners with the cost, provided it be an original improvement: Alcorn v. Philadelphia, 112 Pa. 494; Philadelphia v. Ginhart, 48 Pa. Superior Ct. 648.

OPINION BY HENDERSON, J., July 18, 1916:

A public road extending from Mount Washington, City of Pittsburgh, to Washington, Pennsylvania, has existed for a long time. The Borough of Dormont was organized in 1909, and seven-tenths of a mile of this road is within the borough limits. In May, 1911, the commissioners of the County of Allegheny presented a petition to the Court of Quarter Sessions for authority to improve this road within the Borough of Dormont, under the provisions of Section 18 of the Act of May 11, 1911, P. L. 244.

Action was also taken by the borough in June, 1911, for the improvement of the road. The ordinance recited the action of the county commissioners and the fact that a majority in interest and number of the owners of property abutting the line of the road had petitioned the borough council to enact an ordinance for the grading, paving and curbing of the same, and authorized the borough to enter into an agreement with the county commissioners to improve the road, called in the ordinance West Liberty avenue, the usual width of sixteen feet, the county to bear two-thirds of the cost of improving the same, and the borough to bear one-third of the cost, as provided for in the statute.

The second section of the ordinance provided for the grading, paving and curbing of the remaining portion of the cartway to the full width of forty feet, the specifications to be in accordance with those approved by the county commissioners for the portion of the street to be improved under the contract with the latter.

There was a further provision that the contract for the separate improvement to be made by the borough be let concurrently with the contract by the county commis-

sioners; the total cost of the improvement by the borough to be assessed and collected from the owners of abutting property.

The approval of the court having been given to the petition of the commissioners, a contract was entered into between the County of Allegheny and the borough whereby the county was authorized to let a contract for its proportionate share of the improvement, and the borough to let a similar contract for its share thereof; and under this contract the work proposed was performed, pursuant to the provisions of the Act of 1911.

The record does not disclose the width of the road in the borough which was to be improved as a part of the county road; but the answer of the Borough of Dormont to the petition of W. M. McMurray to stay proceeding to charge the cost of construction on the abutting property owners states that the width to be improved "was the usual width of county roads, to-wit, thirty-three feet, of which only sixteen feet was to be paved in accordance with the usual rule of the county commissioners for improving county roads."

Nor does the report of viewers state the width of the road improved by the county in connection with the borough, but it is not disputed that the space paved by the co-operative action of the county and borough is sixteen feet in width. That part of the road within the borough is a portion of the thoroughfare extending through the townships southward, and this was a highway long before the borough was established. Its width is admitted to have been greater than sixteen feet. The pavement improvement did not, therefore, establish its width. That is presumably a matter of record; but we are not informed what that width is.

It is provided in the section above stated that where a portion of the highway constructed or improved under the act and traversing one or more townships, shall lie within the limits of or traverse any borough, and where the failure of said borough to improve said highway

within its limits would leave a break or unimproved section in such a continuous highway, it shall be lawful for the council and county commissioners to cooperate, &c.

The evident purpose of the legislation was to provide for the uniform improvement and maintenance of highways extending through different municipal districts to the end that uniformity might be secured both in the construction and maintenance of the road.

It is reasonable to assume that the legislature intended to preserve a uniformity of width in providing for the construction of county roads. There is nothing in this or prior statutes on the subject of improvement of such roads which warrants the conclusion that the road should not continue to be of the same width in the several districts as before the improvement was undertaken.

We have then the fact that a county road extends through a borough; that this road is improved under the Act of 1911; and a strip thereof sixteen feet in width paved; the further fact that by virtue of a borough ordinance the street was graded, and paved on the petition of the abutting property owners, as provided by the Act of 1891; but nothing on the record enables us to determine what are the limits of the portion of the street on either side of the county road.

That the highway is not under the control of the borough, except as to the right of the latter to police that portion of it within the borough limits, is shown by the statute. It is to be maintained by the county as provided by Section 19 of the act; and shall be deemed, taken, treated as and become a public highway of the county and subject to the supervision of the county commissioners. This also appears from the Act of 1895, P. L. 336, and its supplements relating to the permanent improvement of certain public roads and highways in certain counties in the Commonwealth, of which the Act of 1911 is substantially a reenactment with the addition of the 18th Section. It was the evident intention, as set forth in the third and subsequent sections, that the sur-

veys and plans of the highway to be prepared and filed with their petition to the Court of Quarter Sessions when an application for improvement is made, should include information as to the width of it; and this presumably was done in this case; but as a copy of this survey is not a part of the record brought up, we are not informed on this subject.

The report of viewers makes no distinction between the portion improved by the county and borough jointly and that improved solely by the borough so far as a charge against abutting properties is concerned. The whole cost of the improvement less two-thirds of the paved wagonway is charged to the abutting property owners, with the exception of $846.65, for which no equivalent benefit was ascertained and which therefore became a charge on the borough. We find no authority under the Act of 1911 for charging one-third of the cost of the paving in which the county was interested against abutting properties. The act provides that the borough shall bear 33 1-3 per cent. of the total cost of such improvement within its limits, and the county shall bear the remaining cost thereof. There is no provision for the assessments of individual benefits, and where the borough and county are referred to in the same clause of the section, and with reference to the same subject, the responsibility fixed should be held to relate to the borough and county as municipalities. The work done has some local advantage, but it is the improvement of a main highway leading through the county, the betterment of which is assumed to be of particular advantage to the public at large. It is easy to see that instances might exist where it would be a great hardship to charge the expense of such a work on abutting property in a borough through which such a road is located. The present case is a suggestion of such a reflection, for this improvement within the borough cost more than $46,000 for a section of road seven-tenths of a mile in extent.

When the act declares that 33 1-3 per cent. of the cost

shall be borne by the borough, the legislature evidently
intended to impose that obligation on the municipality.
It is a new system of a cooperative improvement of par-
ticular public highways, and has not by the terms of the
statute or by any reasonable implication from the facts,
any relation to those acts of assembly which provide for
the improvement of streets in boroughs by assessing the
cost thereof against abutting property.

Assuming that the street as established by the borough
is wider than the county road to be improved by the
county, our attention has not been called to any statu-
tory prohibition against charging the cost of grading and
paving that part of the street over which the borough has
jurisdiction against abutting property, even if that part
be a longitudinal section of the street.   We see nothing
to prevent the borough from making an avenue wider
than a county road over which additional width it has
control and might improve: Alcorn v. City of Philadel-
phia, 112 Pa. 494; Philadelphia v. Ginhart, 48 Superior
Ct. 648.

The difficulty in this case is, that the outside lines of
the county road are not shown, and the report of viewers
does not inform us how much of the cost of the improve-
ment is chargeable to work done within the lines of the
county road as improved by the commissioners.   This
fact should appear in the report in order that the cost of
improvement to that extent might be subtracted from
the charge against abutting property owners.

The fifth and seventh assignments of error are sus-
tained.   The decree is reversed, and the record remitted
for further proceeding.