## Petition of Borough of Dormont.

*Road law—Paving portion of public road in borough—Assessments on abutting property owners—Liability of borough—County road—Act of May 11, 1911, P. L. 244.*

Where the county commissioners of a county and the authorities of a borough coöperate to pave a width of 16 feet of a public road extending through the borough, under the Act of May 11, 1911, P. L. 244, and agree that the county shall pay two-thirds of such improvement and the borough pay one-third thereof, the borough may impose the cost of any portion of the road paved beyond the 16 feet upon the owners of property abutting on the improved street.

The action of the county and the borough was completed when the roadway of 16 feet was paved in accordance with the order of court authorizing such improvement. There was no duty on the county to pave the remainder of the road passing through the borough and such improvements, being for the benefit of the citizens of the borough, the costs thereof were properly assessed upon the abutting owners.

Reargued Oct. 21, 1918. Appeal, No. 28, April T., 1918, by W. H. McMurray et al., from order of C. P. Allegheny Co., Jan. T., 1913, No. 2336, confirming Report of Viewers in re petition of Dormont Borough. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition of the Borough of Dormont for the appointment of viewers to ascertain the cost and assess the benefits and damages for the grading, paving and curbing of West Liberty avenue from Ivywood avenue to the centre line of LaSalle avenue, in the Borough of Dormont.

Exceptions to the report of viewers.

The facts are stated in the opinion of the Superior Court. The court dismissed the exceptions and confirmed the report.

*Error assigned*, among others, was the order confirming the report of the viewers.

*M. H. Stevenson*, for appellants.

*Edwin W. Smith*, and with him *H. M. Stilley*, for appellee.

OPINION BY TREXLER, J., July 17, 1919:

The Act of May 11, 1911, P. L. 244, in its title among other things prescribes, "a method for improving a county road lying within or traversing a borough and apportioning the cost of such improvement." Section 18 provides, "where a portion of a highway constructed or improved under this act or former acts, traversing one or more townships, shall lie within the limits of or traverse any borough, and where the failure of said borough to improve said highway within its limits would leave a break or unimproved section in such a continuous highway, it shall be lawful for the councils of such borough to authorize by ordinance, that proper officials of the borough enter into an agreement with the county com-

missioners of such county providing that the said commissioners improve the shortest and most reasonable road through said borough, which will connect the two ends of such highway or highways. Such ordinance shall also stipulate that the borough shall bear thirty-three and one-third (33 1/3) per centum of the total cost of such improvement within its limits, and the county shall bear the remaining cost thereof; ......" Under Section 19, such roads become public highways of the county subject to the control of the commissioners and the duty of maintaining the same is put upon them.

There was an old highway known as the Washington road extending through the Borough of Dormont. In March, 1909, upon the incorporation of the Borough of Dormont, councils adopted the portion of the road within the borough, then called West Liberty avenue, as a borough street. It was widened to sixty feet. Following the provision of Section 18, above quoted, the borough officials by ordinance were authorized to enter into a contract with the commissioners of Allegheny County for the improvement of West Liberty avenue "to the usual width of sixteen feet" so as to connect the two ends of a through highway; "that the said borough shall bear thirty-three and one-third (33 1/3) per cent of the total cost of improving the same of the width of sixteen feet and that the county shall bear the remaining cost thereof." The contract of the borough officials and the county covered sixteen feet in the centre of the street. In the same ordinance provision was made for the paving by the borough of the remaining portion of West Liberty avenue to the full width. Thereafter, the commissioners of the county under Section 3 of the Act of 1911, supra, asked the court to submit the proposed improvement to the grand jury. This was done and the grand jury having authorized it and no exceptions having been filed to the proceedings, the court made a final order that the improvement should be made as set forth in the proceedings entered.

The improvement was made, the sixteen feet in the centre of the road being paved by the county, the borough contributing one-third, and the remaining portion lying outside of the sixteen feet, by the borough. The cost of the improvement was assessed upon the property holders including therein the one-third paid by the borough toward the paving of the sixteen feet. This court in Dormont Borough, 64 Pa. Superior Ct. 134, decided that the one-third cost paid by the borough to the county could not be assessed against the property holders and the record was remitted for further proceedings. The sixteen feet in the centre was excluded from the assessment and the question now is as to whether the assessment for the remaining portion of the street is valid.

We do not think there is any question that prior to the initiation of these proceedings the borough had the right to pave West Liberty avenue and assess the cost thereof upon the abutting property holders. We need not concern ourselves about the history of the road before the incorporation of the borough. Councils of the borough had jurisdiction over the street for all municipal purposes, save that it could not be vacated except through proceedings in the quarter sessions. See Stoystown Road, 74 Pa. 61; Curtis v. Pgh., McK. & Y. R. R. Co., 250 Pa. 480. A township road within a borough may be recognized as a borough street and improved as such, and the cost assessed on abutting property holders: McKeesport v. Busch, 166 Pa. 46. It is evident that neither the borough nor the county authorities contemplated the taking of more than sixteen feet in width of the centre of the street for a county road. The ordinance of the borough and the agreement, both limited the improvement to the sixteen feet. No doubt the estimates submitted to the grand jury showing the lines of the improvement were within the same limited area, for the completed road must have followed the plans submitted. The appellant claims that the plan of the road shows a greater width than sixteen feet but an examination of it convinces us

that merely the center line is shown and that the property boundaries drawn in dotted lines have no exact delineation on the map, are not drawn to scale, are not intended to show the width of the road and have no constant relation to the centre line. The order of the court approves the improvement, the language of the act being that the court shall order "the improvement shall be made and constructed in accordance with the plan and survey accompanying said application." We are convinced that the whole proceedings contemplated a sixteen-foot wide improvement and no more and that both the record and the physical change of the road show that that was all that was taken. We may admit that the old road existing before the borough adopted it as a street was wider than sixteen feet, presumably thirty-three feet. We do not consider that after such adoption there remained any county road so far as any limitation of the borough's power to pave could be affected, unless it appear on the record that the county took more than sixteen feet. The remainder of the road continued to be a borough street.

The street as established being wider than the county road, there is no statutory prohibition against charging the improvement of that part of the street over which the borough has jurisdiction against abutting property, even if that part be a longitudinal section of the street: Dormont Borough, 64 Pa. Superior Ct. 134 (140).

The appellant claims that by the proceedings, under the Act of 1911, Washington avenue for its entire width became a county road and ceased to be a borough street and that no valid assessment for its improvement against the abutting properties can be made. If we follow this argument, we must regard that the borough in paving the street beyond the portion jointly paved by the borough and county acted as a mere volunteer and by its act improved a county road. We must further hold that although the court only approved a space of sixteen feet, the legal effect of its order was to change the character of

the entire road, and that there is no power given in the act to adopt a portion of a road.

The proceedings before us are specifically begun under Section 18 of the Act of 1911. The purpose of said section clearly expressed is that whenever a highway passes through a borough and the borough fails to improve said highway, the commissioners may provide for an uninterrupted and improved highway by uniting with the borough in the improvement of the portion running through the borough. It will be observed that there must be authority given the proper borough officers to enter into a contract with the county commissioners before the joint improvement can be made. The whole subject is the improvement of an existing unimproved gap in the highway. The purpose of the 18th section is not to establish county roads, but to complete the continuity of improved thoroughfares. The borough's liability to contribute to the cost is certainly limited to the portion actually improved and "such roads and highways and all parts thereof originally constructed and improved" become county roads. If the argument advanced is correct, a county having improved the centre of the road to a width which in the judgment of the commissioners would serve for through traffic, there would in many cases remain a portion of the road which would necessarily continue to be unimproved; for the borough would have no authority to improve it, it being no longer a borough street and the county would have no reason for improving it, the county having paved all it required. There would thus remain what might be called a "no man's land" in a borough forever barred from becoming an improved street. The main street of this populous borough may well require a width of fifty or sixty feet but the purposes of the county may be satisfied by an improvement of sixteen feet in width. It would be rather a startling proposition to compel a county, especially in view of the purpose clearly expressed in the act, to take over an entire street of a borough from house line to house line, in this case

441, (1919).]          Opinion of the Court.

sixty feet, in order to make a continuous road through a borough. The terms used throughout the act are "roads" and "highways." "Streets" are not mentioned. The acquisition of streets as streets by the county is not contemplated.

We summarize our views as follows: Prior to the improvement Washington avenue for all purposes which enter into the consideration of the question before us was a borough street; the county only took and improved sixteen feet in width of said street for a county thoroughfare; the county was not compelled to take the entire road, and the decree of the court approving the improvement did not have the legal effect of changing the entire borough street to a county road.

All the assignments of error are overruled and the decree is affirmed.