[CHAMBERSBURG, OCTOBER, 20, 1828.]

ECKERT and another *against* YOUS' Administrator.

CERTIORARI.

A husband may petition the Orphans' Court in right of his wife, for the partition or valuation of his wife's estate, where her father dies intestate.

*Certiorari* to the Orphans' Court of *Franklin* county, to remove the proceedings and decree, in the case of the sale of a certain part of *John Yous'* real estate.

*Crawford*, for the appellant.

*Chambers*, *contra*.

The opinion of the court was delivered by

SMITH, J.—This is an appeal from a decree of the Orphans' Court of *Franklin* county, confirming the sale of a part of the real estate of *John Yous*, deceased, made by his administrator, by an order of the said court.    It appears, that on the 18th of *August*, 1823, *Solomon Eckert*, one of the appellants, and who married *Catharine*, one of the daughters and heirs of *John Yous*, deceased, presented a petition to the Orphans' Court of *Franklin* county, in which he stated, that he was desirous of having his share, in right of his wife, in the real estate of the said *John Yous*, deceased, in severalty; and, therefore, prayed the said court, to award an inquest to make partition of the real estate aforesaid, to, and among all the heirs of the said deceased, if the same could be so done; or, to value and appraise the same, according to law.    On this petition, an inquest was awarded, and on the 9th of *December*, 1823, an inquisition was taken, and the estate divided into *five* parts.    On the 19th of *January*, 1824, the court approved and confirmed the inquisition; and, at the instance of the said *Solomon Eckert*, granted a rule on all the heirs of *John Yous*, deceased, to appear at the next Orphans'

(Eckert and another *v.* Yous' Administrator.)

Court, to be held on the second Tuesday of *March*, 1824, to accept or refuse the estate, at the appraisement. On the 9th of *March*, 1824, *John Yous*, a son of the deceased, appeared, and testified his desire to take part, No. 3, at the valuation thereof made. The court thereupon, adjudged the same to him, on his entering into recognisances for the payment of the respective shares of the widow and other heirs of the deceased. The requisite recognisances were duly entered into, either on the same day, or very soon after, by *John Yous*, to *Solomon Eckert* and *John Ebert*, in right of their respective wives, and to the other heirs, to pay them their shares of the lands, so as aforesaid adjudged to him; and on the 17th *January*, 1825, *Solomon Eckert* and *John Ebert* acknowledged, on the records of the Orphans' Court, to have received satisfaction in full of the first part of their recognisances. On the same 9th day of *March*, 1824, when part, No. 3, was accepted by, and adjudged to, the son, *John Yous*, *Solomon Eckert*, in right of his wife, *Catharine*, *John Ebert*, in right of his wife, *Elizabeth*, and all the remaining heirs, appeared in court, and refused to take any part of the real estate at the valuation thereof, and desired, that the same might *be sold*; and, on the 19th of *April*, 1824, the court decreed the sale to be made on the usual terms. Afterwards, on the 10th of *January*, 1825, *John Yous*, the administrator, reported to the court, that he had made sale of part, No. 5, to *George Beck*. This return, or report of the administrator, was continued from time to time; but, on the 9th of *March*, 1825, was, on motion, confirmed by the court.

This statement of facts, brings up one point only for consideration, which is, can the husband conduct the proceedings in the Orphans' Court, for the partition or valuation of the estate of his wife's father, who died intestate, without her joining or participating in the proceedings? It appears most satisfactorily, that these proceedings in the Orphans' Court, originated with, and the successive steps in the same, were taken by *Solomon Eckert*, the son-in-law of *John Yous*, deceased, and that he and *John Ebert*, now wish to have the last mentioned decree of the Orphans' Court reversed, although they have received a part of the amount of their wives' share from *John Yous*, under these very proceedings; and so far rendered them valid by their ratification. The objection then, which has for its object to reverse a part of the proceedings of the Orphans' Court, so far as the same relate to purpart, No. 5, or the sale thereof to *George Beck*, comes with a bad grace from *Eckert* and *Ebert*, the appellants, who wish this land to be resold. Besides, it is not, in my opinion, for the husband, after an acceptance of a recognisance from one of the heirs to himself, for a part of the land, and receiving payment by virtue of it, and thus clearly ratifying a part of the proceedings, to come into this court, and ask a part of the same proceedings, relative to another part of the estate, to be set aside, when he originated and conducted the whole proceeding. Be that, however, as it may, the broad question presents itself; could *Solo-*

(Eckert and another *v.* Yous' Administrator.)

*mon Eckert* alone, petition the Orphans' Court, in the manner, and for the purpose stated? We think he could, and that such has been the received opinion, on this subject, in every county in the state. The husband may be considered as the legal guardian and protector of his wife, and clearly, has an interest in her estate, as long as he lives, in right of his wife; and if he survive her, he would, provided there has been issue, &c., be tenant by the curtesy, in such an estate. In the case before us, the husband petitioned in right of his wife, and although (as was well observed on a former occasion, by a late judge of this court,) the wife, with all the forms required by law in the disposition of her lands, is perhaps too much under the power of her husband; and, instead of weakening, it were better, if possible, to strengthen her right: yet, when a practice, as in the case before us, for a husband to petition in right of his wife, has existed so long, and indeed, unbroken, and so much property is held under it, we think it ought not now to be disturbed. In the case of *Stool-foos* v. *Jenkins and Wife*, 8 *Serg. & Rawle*, 167, the right of the husband to petition the Orphans' Court, for the appraisement of his wife's real estate, seems to have been strongly recognized. In that case, the question now under consideration, formed one of the exceptions submitted to the court for decision, by the counsel for the defendants in error, who contended, that the proceedings in the Orphans' Court were void; because the wife, who was principally interested, had not joined the husband in the petition, and was no party to the measure. But, in this, the court did not sustain them. Indeed, there is no adjudged case in *Pennsylvania*, that I know of, which militates against the practice, or right of the husband to petition the Orphans' Court, in right of his wife, for the partition, or valuation of his wife's estate, where her father dies intestate; but there are several cases which strongly support it. And I, therefore, think, the decree of the Orphans' Court, confirming the sale of pur-part, No. 5, to *George Beck*, ought to be affirmed.

Judgment affirmed.