[Chambersburg, October 20, 1828.]

## LINDSAY *against* SCROGGS.

### IN ERROR.

A paper, found in the office of the deputy surveyor, proved to be in the hand-
writing of a former deputy surveyor, and purporting to be memoranda in
relation to his official duty, concerning warrants, is good evidence.

Writ of error to the Court of Common Pleas of *Franklin* county.
The plaintiff in error was defendant below.

In the court below, it was an ejectment by *Scroggs* against *Lind-
say*, for two hundred and eighty acres of land in *Southampton*
township, *Franklin* county.

On the trial, in the court below, the plaintiff, who claimed under
*Samuel Blythe*, gave in evidence two warrants, one dated the 17th
of *May*, 1784, to *John M'Connel;* the other, dated the 3d of *No-
vember*, 1785, to *Samuel Blythe*, together with a survey by *Mat-
thew Henderson*, deputy surveyor, in 1786.　　He then offered in
evidence the following paper, proved to be in the hand-writing of
*Matthew Henderson*, who was deputy surveyor till his death, in
1795, or 1796, and produced by the present deputy surveyor, as
found among the drafts in his office, together with the said sur-
vey:—

"*Memorandums for laying Samuel Blythe's warrants.*—The
survey of three hundred and eighty-four acres, first surveyed on
warrant to *B. Blythe*, Jr., formerly certified, to be left as it is, taking
off fifty acres of the north-west end, to be returned on warrant to

*Daniel Key,* the remainder to be returned on warrant to *John Weeks.*

" *The survey of four hundred and sixteen acres, to be returned as it is, on a warrant to John M'Connel, and the warrant to Samuel Blythe, on which it was first surveyed, to be certified.*

"The warrant to *James Hall* to be certified; two hundred and nine acres and fifty-eight perches of the land having been taken by an order of survey to *Alexander Mitchell,* dated *January* 23d, 1767, No. 2542, and fifty-six acres by a warrant to *Samuel Rippely,* dated the 20th of *January,* 1775, and one hundred and sixty-six acres and one hundred and forty-five perches, by a warrant to *James Dunlop,* dated the 11th of *May,* 1785, formerly surveyed and returned.

"The warrant to *John Cullen* to be certified; three hundred and ninety acres and ninety perches; the land having been surveyed, returned, and patented to *John Reynolds,* Esq. before the warrant came to hand, on the said *Reynolds'* warrants, dated the 14th of *December,* 1785, and 1st of *February,* 1787, respectively.

" The warrant to *Ann Gordon* to be certified; the land having been surveyed on *James Cummins'* two warrants, dated the 3d of *February,* 1738, and the 5th of *January,* 1786, respectively, and a warrant to *William Walker,* for four hundred acres, dated the 8th of *September,* 1776.

"Drew deed poll from *B. Blythe,* Jr. to *Samuel Blythe,* com. five shillings."

This evidence was objected to by the defendant, but admitted by the court, and exception taken by the defendant.

*Crawford,* for the plaintiff in error, contended, it was not a paper made in the course of official duty. The court had gone far enough already, and ought to restrain the admission of such papers. He referred to *Wilson* v. *Stoner,* 9 *Serg. & Rawle,* 39. *Blackburn* v. *Holliday,* 12 *Serg. & Rawle,* 140.

*Chambers, contra,* cited, 2 *Binn.* 55, where the surveyor wrote, that the land was in dispute, it was held evidence of ownership. *Boyles* v. *Johnstone's Executors,* 6 *Binn.* 125. *Evans* v. *Nargong,* 2 *Binn.* 55. *Galloway* v. *Ogle,* 2 *Binn.* 468. Slight evidence of ownership is sufficient. Entries of a surveyor at the time, are evidence of ownership. In *Wilson* v. *Stoner,* there was no *authority,* and therefore, *all* was void.

The opinion of the court was delivered by

GIBSON, C. J.—The presumption, that a warrant of location, is for the use of the person in whose name it was taken out, may be rebutted by slight evidence; and, on the other hand, a trust, presumed from the relation in which the person whose name is used, stands to another, may be rebutted by evidence equally slight— even by the reputation of the country. The ownership may be set-

(Lindsay *v.* Scroggs.)

tled by evidence that would be incompetent to settle any thing else. The paper which is the subject of exception, purports to be a memorandum of instructions, received in a course of official duty, in relation to warrants in the hands of the deputy surveyor, as the property of *Samuel Blythe;* and, among the rest, one in the name of *John M'Connel,* on which, it would appear, the deputy had been instructed to return a survey, made on a warrant in *Blythe's* own name. The rest relates to other warrants that were to be certified as unsatisfied, to entitle *Blythe* to the amount of the purchase money in land office credits. The object, therefore, was, to prove that *Blythe* was the owner of the warrant in the name of *M'Connel,* under whom the defendant had pretended to claim. The acts of a deputy surveyor, preparatory to the consummation of his duty, such as his field notes, are unquestionably admissible as part of the *res gestæ;* and to prove them, it has been aptly said, even the sweepings of his office are evidence. In *Wilson* v. *Stoner,* the survey and endorsement in the hand-writing of the deputy, were held void in the absence of proof of their having been made in pursuance of a previous authority; and they were deemed incompetent to prove the existence of such an authority, because, on the proof of that fact depended the question, whether they had been made in a course of official duty; and the admission of them to prove it, would have been an assumption of the question. Here there is no doubt of the existence of an authority to give the deputy cognizance; and as the noting of the instructions was not only in the course of his duty, but necessary to a faithful discharge of it, the act was clearly of an official stamp; so that showing the footsteps of the parties, and having been found in the office of the deputy, after a period of forty years from his death, the paper was incontestably competent.

Judgment affirmed.