## Ross *versus* Rhoads.

A memorandum made by a deputy surveyor, long since deceased, on the warrant-book belonging to his office, in regard to a warrant then in his hands, was legal evidence to be submitted to the jury.

ERROR to the Common Pleas of *Northumberland county.*

This was an action of ejectment by Jacob Rhoads and Sarah his wife *vs.* James Ross and William Ross, for about 15 acres of land.

January 13, 1849.—Verdict for plaintiffs for all the land in the possession of defendants, except a strip 12 perches in width, along the line of Philip Kennedy.

The plaintiffs below claimed title by virtue of a warrant to John Snyder, &c., survey of $106\frac{1}{4}$ acres, 7th September, 1791. John Snyder conveyed to Nicholas Shipman and William Shipman. They both died previous to 1842, about which time a parol partition of the tract of land was made between Sarah, daughter and devisee of Wm. Shipman, and wife of plaintiff, and the heirs of Nicholas Shipman, deceased, by which the eastern portion of the tract, in which it was claimed that the land in dispute was embraced, was allotted to the plaintiffs.

The defendants claimed title on a warrant to James Ross, and a survey of 14 acres, 189 perches, made the 20th day of April, 1847.

The case was tried before ANTHONY, J.—It came up on exceptions to the admission of evidence.

The *first* exception was to the admission of *Harman* Shipman as a witness for plaintiffs. He was one of the heirs of Nicholas Shipman, deceased, and a party to the parol partition. The *plaintiffs,* Rhoads and wife, on the trial, executed a release to the witness, which was acknowledged before a justice of the peace. The question was, was the acknowledgment before a justice of the peace sufficient, under the act of 11th April, 1848, "*to secure the rights of married women,*" to divest the interest of the wife and render the witness competent.

The *second* exception was taken to the admission in evidence of the remarks of the deputy surveyor, made on the warrant-book, in regard to the survey in the name of James Ross, as follows:—

· [Ross *v.* Rhoads.]

Plaintiff called *Abraham* Shipman.—Book shown witness, endorsed *warrant-book* No. 2. This is an office-book. Entry of warrants, book No. 2. The entry therein is in the hand-writing of *William Laird, who was a deputy surveyor.* Plaintiff offers to read entry of warrant of James Ross, as follows:—

"James Ross, 20 acres, 28th April, 1835, being unimproved, adjoining lands of William Shipman, John Moyer, Philip Kein, and John Fleming, at the foot of the Mahonoy mountain, on the north side thereof, and adjoining a new road laid out and opened across the mountain, in the township of Augusta.

"Recorded 19th May, 1835.

WILLIAM LAIRD, D. S.

"Examined, and it appears the Snyder survey covers the land for which this warrant issued."

"Re-examined by me, April 20, 1837, and find 14 acres, 89 perches, and allowance, which that part of the Snyder survey which is returned, excludes, and Moyer not claiming it, I have considered it unappropriated. Returned 14 acres, 89 perches, and allowance."

Counsel for defendants object, because the declarations of Wm. Laird in writing are not evidence. Court overrule the objection, and admit the whole entry to be read. Defendants' counsel except, and bill sealed.

The *third* exception was to the admission of part of a deposition of William Shipman.

It was assigned for error:
The court erred in admitting the evidence referred to in defendant's several bills of exception.

The case was argued by *Miller & Hegins,* for plaintiff in error.—That the memoranda made by the deputy surveyor were not evidence, were cited, 3 *Ser. & R.* 311–15; *id.* 343; 1 *P. C. C.* 166–418; 3 *Yeates* 567; 3 *Bin.* 175.

*Jordan,* contra, contended that the memoranda were evidence: 7 *Ser. & R.* 313; 6 *Ser. & R.* 210; 3 *Rawle* 141; 8 *Watts* 81.

The opinion of the court was delivered by
BURNSIDE, J.—Rhoads and wife, the plaintiffs below, showed title by virtue of a warrant to John Snyder, on which there was a survey of 106¼ acres, in September 1791. Snyder conveyed to Nicholas and William Shipman, who both died previous to 1842. About this time, Sarah, the daughter and devisee of William Shipman, and one of the plaintiffs below, and the heirs of Nicholas Shipman, deceased, made a parol partition of the Snyder survey. The

eastern portion of the tract fell to Sarah, the wife of Rhoads, and in this portion the land in dispute was claimed.

The plaintiffs in error and defendants below, allege title under a warrant to James Ross, of the 20th of April, 1847, and a survey thereon of 14 acres and 189 perches, made within the part allotted in the partition to Sarah the wife of Rhoads. The Snyder tract was patented as early as 1807. The case comes before us on exceptions to evidence.

1. Harman Shipman was an heir of Nicholas Shipman, deceased; was released by Rhoads and wife, and examined as a witness. He was a party to the parol partition, and proved it. The release to him was objected to, because Sarah, the wife of Rhoads, had acknowledged it before a justice of the peace, and not before a judge, as the 6th section of the act of the 11th of April, 1848, to secure the rights of married women, *Dunlop*, 2d ed. 1124, requires. It appears from the record and the return of the President of the Common Pleas, that the objection was made late in the evening. The court, at the request of the plaintiff's counsel, adjourned, to enable them to bring the lady into court to make the acknowledgment. It was severely cold the next morning when the court met, and Mr. *Jordan* stated to the counsel on the other side, if required, he would have her brought in; when the objection was waived and so understood by the court. It is so returned to us by the judge; we cannot therefore notice this objection.

2. The next exception was to the remarks of the deputy surveyor, made on the warrant-book, in regard to the warrant in the name of James Ross. The deputy surveyor was proved to be long since dead. His hand-writing was proved, and the book was proved to belong to the office. The memorandum was, that Laird, the then deputy surveyor, had examined, and that it appeared, that the Snyder warrant covered the land for which the warrant issued. A subsequent deputy had made the survey and return on the Ross warrant. There certainly was no error in admitting this evidence. The entry of Laird was an official act, done in obedience to the requirement of the 4th section of the act of the 8th of April, 1785. The book was legal and pertinent evidence, to go to the jury for what it was worth. Although this act has generally been considered as relating to the new purchase, yet it was evidence: 7 *Ser. & R.* 313, Leazure *v.* Hillegas; 6 *Ser. & R.* 210; 2 *Rawle* 141, Lindsay *v.* Scroggs, where it was held that a paper found in the office of the deputy surveyor, proved to be in the hand-writing of the deputy, and purporting to be a memorandum in relation to his official duty concerning warrants, is good evidence. See 8 *Watts* 81; Galbraith *v.* Elder; and many other cases. See 1 *Wharton's Dig.*, 2d ed. 615, &c.

3. There was another exception to the admission of a part of the

[Ross *v.* Rhoads.]

deposition of William Shipman, which was but faintly urged and was without foundation.

The judgment is affirmed.