## Philadelphia, to use, v. Hinkle, Appellant.

*Road law—Public street—Dedication—Municipal action—Public use.*

A street which is by the abutting property owners left open for the use of the public as a street, and is accepted by the public and used as a public street, may become a public highway without formal action of the municipal authorities.

On a scire facias sur municipal lien for paving a street, the owner of the property against which the lien was filed, cannot claim that the street was not a public street, where the evidence showed that it had been used as a street actually open, by the public for fifty years; that at one time it had been on the city plan, but subsequently stricken off, but thereafter replaced; that during the time when it was not on the city plan, the defendant took title by a deed which called for the street as a boundary, that the defendant subsequently took out building permits in which the street was named as a street; and that the ordinance replacing it on the city plan referred to it as "of the width of fifty feet, as now physically open."

Argued Dec. 14, 1915. Appeal, No. 198, Oct. T., 1915, by defendant, from judgment of C. P. No. 3, Philadelphia Co., March T., 1913, No. 4755, M. L. D., on verdict for

plaintiff in case of City of Philadelphia, to use of Joseph· McHugh, v. John H. Hinkle, Owner. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Scire facias sur municipal lien for paving. Before DAVIS, J.

At the trial by direction of the court the jury returned a verdict for plaintiff for $893.02, upon which judgment was entered.

On a motion for a new trial and for judgment n. o. v. DAVIS, J., filed the following opinion:

This is an action to recover on a lien filed for street paving. The question involved is whether or not Venango street was an open street at the time the paving was done or whether the defendant was estopped from raising the question as to the street being opened. The facts are not in dispute. On the trial of the cause the court gave binding instructions for the plaintiff. The defendant moves for judgment non obstante veredicto, and for a new trial.

Venango street has been an open, public street for a period of fifty years, it having been a regularly opened street and on the city plan. In 1893, the city councils passed an ordinance authorizing the change of grades and lines in order to accomplish the removal of grade crossings of the Richmond Branch of the Philadelphia & Reading Railway. In 1895, pursuant to this ordinance, Venango street was stricken from the city plan. No action was taken as to the physical condition of the street, and it continued to be used as it had been for many years prior thereto and down to the present time. In 1907 by ordinance of councils the board of surveyors again placed Venango street on the city plan as it had been formally opened and as it was actually in use. In 1911, under authority of councils the street was paved under an assessment contract and the lien for paving filed as of March· Term, 1913. This action is brought to recover upon that·

lien.   Between the time that the street was stricken
from the city plan in 1895 and when it was replaced on
the city plan in 1907, the defendant, the owner of the
property, took title by deed which described this prop-
erty abutting on Venango street, and the defendant sub-
sequently acquiring title took out permits from the City
of Philadelphia to build upon Venango street, and did
build upon said street.   Under the authorities in Penn-
sylvania a distinction is drawn between the effect of
words of description in a private grant where the ad-
joining street is laid out by public authority and when
by the act of the owner, as was said by Mr. Justice GREEN
in reopening of Brooklyn Street, 118 Pa. 640: "When
a street has been laid out by municipal action and re-
mains unopened upon the confirmed plan a description
in a deed subsequently made referring to the street as a
boundary does not create such a dedication to public use
of the land within the street lines as to deprive the
grantor of his right to compensation when his land is
afterward taken by the opening of the street.   If the
question was one between a grantor and grantee, and in-
volved a right of way over the street upon which the land
conveyed bordered, of course the grantor must make good
his covenant that there was a street corresponding to
the one described in the deed.   But that is the law, not
upon the theory of a dedication to public use, but upon
the implied contract between the parties.   As between
them, every consideration required that if the ground
conveyed is described as bordering upon a street the
street should be there in compliance with the description.
If it be a public street laid out by municipal authority,
the grantee is presumed to know that fact and take his
title subject to the municipal control as to the time and
circumstances of opening it for use.   If it be a street laid
out by the grantor himself over land which he sells in
lots, there is necessarily an implied covenant that he will
open it at least for the use of the grantee.   But when a
municipal government lays out streets upon the land of

a private citizen, it is not the act of the owner in any sense and hence there is no necessity for an implication of a covenant against the owner to give his land to the public without compensation nor even to dedicate it to public use."

The question then, is, was Venango street laid out by the municipal authorities for public use subject to the municipal control or was the description by the defendant's grantor a covenant amounting to a dedication of the street to public use?   Brooklyn street, at the time of the execution of the deed in that case, was upon the city plan.   In the case under consideration Venango street was not upon the city plan at the time the defendant took title.   The distinction under these facts is recognized in the case of In re Opening of Pearl Street, 111 Pa. 565, wherein it was held:

"When one sells and conveys lots according to a plan which shows them to be on streets, he must be held to have stamped upon them the character of public streets. This is sufficient to prove a dedication of the street to public use."

In distinguishing the rule of Pearl street from that in Brooklyn street, Mr. Justice GREEN, in the latter case, said, "The only case which seems to be in hostility with the foregoing is In re Opening of Pearl Street, 111 Pa. 565.   An examination of that case as it appears in the report and in the paper books discloses that it is entirely different from the present and that it does not raise the question arising upon this record."

Pearl street was not upon the city plan, but was upon a private plan upon which certain streets had been laid out, and all named except Pearl street, but which was nevertheless marked and laid out as thirty-five feet wide street on that plan and was expressly mentioned as a street, included in the grant and was mentioned in all the deeds in the chain of title.   It is further held: "Viewed in the light of these facts the language of this court in the per curiam opinion in the case of Pearl

street was entirely apposite and appropriate.  But it decides nothing as to the present condition, which did not then arise."

In Walters v. Philadelphia, 208 Pa. 189, it was held:

"Where there has been a long continued use of land as a street by the public without objection on the part of the owner of the soil, the jury may presume a valid dedication."  Shenley v. Commonwealth, 46 Pa. 29.  "No particular formality is requisite to constitute a dedication on the part of the owner.  Any act which clearly indicates an intention to dedicate is sufficient.  One of such circumstances which would be considered in a dedication is the use of the way by the public with the knowledge and consent of the owner of the soil and when such use extends through a long series of years, the animus dedicandi is presumed.  The reason of this rule is that when the owner of the soil so long acquiesces in the using of the way, having knowledge thereof, he is estopped to deny his prior dedication."  See also Shetter v. Welzel, 242 Pa. 355.

In the case at bar we have the facts of a permissive use by the public of a piece of ground left open by the owner in front of his property and used by the public for many years, a recital in the deed of defendant's grantor describing the property as fronting on Venango street, and a user by the public after the title is vested in the defendant.  Where such public user is in pursuance of a dedication by the owner it requires a much less time to presume an acceptance by the public than where there has been a mere user without dedication: Commonwealth v. Moorehead, 118 Pa. 344; Commonwealth v. Shoemaker, 14 Pa. Superior Ct. 194.

We are of opinion that under the facts in this case, there was an implied dedication of the street to public use by the defendant's grantor, and that the defendant is now estopped from denying such a dedication.

The defendant takes exception to the admission of the building permits taken out by the defendant for per-

mission to build describing the property as fronting upon Venango street. While this act on the part of the defendant was not evidence of an intention to dedicate, the permits were allowed as evidence of an acquiescence in the intention of defendant's grantor to dedicate the land for public use, and a ratification on the part of the defendant.

The motion for judgment non obstante veredicto is overruled.

The motion for new trial is overruled.

*Error assigned,* amongst others, was in giving binding instructions for plaintiff.

*J. Quincy Hunsicker, Jr.,* with him *J. Quincy Hunsicker,* for appellant.—The dedication of Venango street was a question for the jury: Weiss v. South Bethlehem Boro., 136 Pa. 294; Waters v. Philadelphia, 208 Pa. 189; Colonial Trust Co. of Reading v. Getz, 28 Pa. Superior Ct. 619; Tucker v. McMenamin, 48 Pa. Superior Ct. 554; Newman v. Romanelli, 244 Pa. 147.

Upon the vacation of Venango street the bed thereof reverted to the adjoining property owners: Carpenter v. Pennsylvania R. Co., 195 Pa. 160; Wetherill v. Pennsylvania R. Co., 195 Pa. 156; Butler Street, 19 Pa. Superior Ct. 48; Tabor Street, 25 Pa. Superior Ct. 355.

The building permits were not admissible in evidence to show an intention to dedicate the street: In re Girard Ave. & Fortieth St., 18 Philadelphia 499; Ickes v. Ickes, 237 Pa. 582.

The evidence did not amount to a dedication: Cotter v. Philadelphia, 194 Pa. 496; Felin v. Philadelphia, 241 Pa. 164; Hogan v. Burneson, 44 Pa. Superior Ct. 409; Brooklyn Street, 118 Pa. 640; Tesson v. Porter Co., 238 Pa. 504; Wayne Ave., 124 Pa. 135; Carroll v. Asbury, 28 Pa. Superior Ct. 354; Shetter v. Welzel, 242 Pa. 355.

*Walter Biddle Saul* for appellee, cited: Brooklyn

Street, 118 Pa. 640; Pearl Street, 111 Pa. 565; Garvey
v. Harbison, Etc., Refractories Co., 213 Pa. 177; South-
western State Normal School Case, 213 Pa. 244; Shetter
v. Welzel, 242 Pa. 355; Waters v. Philadelphia, 208 Pa.
189.

OPINION BY PORTER, J., October 9, 1916:

This is a scire facias upon a municipal lien for pav-
ing Venango street in the City of Philadelphia. The
only objection to the claim set up by the defendant was
that that portion of Venango street plotted over defend-
ant's property was not at the time the paving was done
a duly and regularly opened street or highway. There
was a verdict and judgment in favor of the plaintiff in
the court below and from that judgment the defendant
appeals.

The opinion of the learned judge of the court below, in
disposing of the motion of the defendant for judgment
non obstante veredicto, which appears in this report,
fully states the facts and cites the decisions applicable
thereto. We will, therefore, discuss only the leading
question involved. Venango street had long been used
as a public street, the manner in which it came into ex-
istence is involved in obscurity. It first appeared upon
the municipal records as a plotted street in 1844. There
is no evidence of any municipal action with regard to this
plotted street until 1895, when, under the authority of
an ordinance previously passed, it was stricken from the
city plan. Eleven years later, in 1906, the defendant
acquired title to the property against which this lien
was filed by deed from Lemuel A. White, which deed de-
scribed the property as fronting on Venango street, which
was not then on the city plan. In 1907 an ordinance was
adopted by the councils of the city directing the board
of surveyors to place upon the city plan......"Venango
street, of the width of fifty feet, as now physically open."
The defendant shortly afterward applied for and received
from the city permits for the erection of certain build-

ings, which he described as fronting on Venango street. In 1912 the city caused the street to be paved, in accordance with the provisions of an ordinance which had been passed in 1911, authorizing such paving, and a lien was filed against the property of the defendant for its proportion of the cost of the work.   There never was, at any time, a formal ordinance providing for the opening of Venango street.   When the defendant took title the street had not, for eleven years, been a plotted street on the city plan, the call in the deed under which defendant took title for a frontage upon Venango street, cannot, therefore, be held to be a call for a plotted but unopened street.   This call was, therefore, as between the parties, an implied covenant that the street should be kept open: Shetter v. Welzel, 242 Pa. 358, but what was the then status of Venango street, to which the deed referred? The answer to this question is found in the following admission agreed upon by counsel at the trial in the court below:  "It is admitted that the street, in accordance with the testimony of Mr. Gorham, has been physically open for fifty years and used by the public as a street." The witness Gorham had distinctly testified that the public had never ceased to use the street even during the time it was stricken off the plan.   This admission conclusively established the status of the street, as a street actually open and used by the public for fifty years. This explains the meaning of the call for the street in the deed under which defendant took title, it also explains the provisions of the ordinance of 1907, restoring "Venango street, of the width of fifty feet as now physically open" to the city plan.   It is well settled that a street which is by the abutting property owners left open for the use of the public as a street, and is accepted by the public and used as a public street, may become a public highway without formal action of the municipal authorities: P., F. W. & C. Railway Co. v. Dunn, 56 Pa. 280; Commonwealth v. Moorehead, 118 Pa. 344; Commonwealth v. Shoemaker, 14 Pa. Superior Ct. 194.

There can in this case be no question that under the admitted facts the city was, after the restoration of the street to the city plan, in 1907, in view of the express provisions of the ordinance, bound to maintain the street as a public highway. The applications of the defendant for permits to erect buildings on Venango street were properly admitted in evidence, as showing a recognition by him of the existence of the street as then used. Under the undisputed evidence and the admissions of the defendant at the trial, there can be no question that Venango street was an open, public highway. The specifications of error are overruled.

The judgment is affirmed.