# Borough of Newville *v.* Leckey, Appellant.

*Road law—Public highway—Sidewalk.*

Where a street has been already opened and used as a public highway it is competent for the municipal authorities to require that sidewalks be laid at the existing grade, although the council has not adopted any paper grade for the street.

Argued March 11, 1918.    Appeal, No. 6, March T., 1918, by defendant, from judgment of C. P. Cumberland County, February Term, 1915, No. 82, on verdict for plaintiff in case of Newville Borough v. Rebecca Leckey. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit to recover the cost of building a sidewalk. Before STAPLES, P. J., specially presiding.

From the record it appeared that the plaintiff enacted an ordinance November 10, 1913, extending and opening High street in the said Borough of Newville, northwardly to the borough limits to a width of fifty feet and fixing the centre of said street extended.    It also enacted a general paving ordinance on the 6th day of February, 1914. On the 18th day of May, 1914, in accordance with the provisions of the general ordinance the plaintiff caused a notice, partly written and partly printed, to be served upon the defendant requiring her to lay a concrete pavement on her lot on High street in the said Borough of Newville, within thirty days from the receipt of said notice.    The defendant did not build the walk and it was subsequently constructed by the borough and suit brought to recover the cost thereof.    The suit was tried at November term of the Common Pleas of Cumberland County and a verdict rendered by the jury in favor of the plaintiff and against the defendant for $93.74.    The court in submitting the case to the jury directed the jury to find for the plaintiff in the sum of $82.43, to-

gether with interest and at the same time submitted to the jury the following questions:

"Did Jacob Koch serve a written and printed notice on Rebecca Leckey by copy. Answer, yes.

"Was the adjourned meeting actually held on November 10, 1913? Answer, yes. Vol. V, page 191."

Verdict judgment for plaintiff for $93.74. Defendant appealed.

The appellant's statement of questions involved was as follows:

"1. Must an alleged chief burgess show filing of an affidavit and bond before acting or testifying as such?

"2. Are the acts of an alleged high constable valid where he has not filed the required oath and bond?

"3. Is the return made by an alleged high constable, who is deceased evidence where no affidavit or bond have been filed by him?

"4. Is defendant liable for cost of paving sidewalk where council never directed her to lay it, and where it never officially and actually established a grade therefor?

"5. Was a sufficient notice served on the defendant?"

*Error assigned,* among others, was the refusal of the court to grant a new trial and to enter judgment n. o. v.

*G. Wilson Swartz,* and with him *Merrill F. Hummel,* for appellant.—The high constable was not officially qualified and his return of service was invalid: Commonwealth ex rel. v. Schaffer, 7 C. C. 24; In re Doylestown's High Constable, 16 C. C. 90.

The grade of the street was never officially determined and the borough had no authority to require the construction of a sidewalk: Oakdale Borough v. Sterling, 8 Pa. Superior Ct. 422; Pittsburgh v. Biggert, 23 Pa. Superior Ct. 541; Chester City v. Lane, 24 Pa. Superior Ct. 359; Phillipsburg v. Way, 12 D. R. 173; Boyer's App., 37 Pa. 257; Olds v. Erie City, 79 Pa. 384; Hummel v. Morrisville Borough, 3 C. C. 185; Kittanning Borough v.

125, (1919).]   Arguments—Opinion of the Court.

Thompson, 211 Pa. 169; Chester v. Eyre, 181 Pa. 642; Fell v. Philadelphia, 81 Pa. 73; Athens Borough v. Carmer, 169 Pa. 426; Pittsburgh v. Biggert, 23 Pa. Superior Ct. 540.

*Willis K. Glauser,* and with him *Hambleton & Brinton,* for appellee.

OPINION BY PORTER, J., February 28, 1919:

The Borough of Newville brought this action to recover of the defendant the cost of laying a sidewalk in front of her property, alleging that she had failed to construct the same after having duly received notice to do so. The question most earnestly contested at the trial in the court below was whether the defendant had received a written notice to lay the sidewalk. The court submitted that specific question to the jury which found that Jacob Koch, the high constable of the borough, had served a written notice upon the appellant to lay the sidewalk. The appellant here contends that there was no evidence to warrant this finding. There was clearly sufficient evidence to warrant the finding that the borough council had adopted a resolution directing the secretary to write out the notices and have the high constable deliver the same to the parties to whom they were addressed. The only evidence that Koch, the high constable, had served any notice upon this appellant consisted of an affidavit of that officer to his return of the notice, stating that he had served the same upon this appellant by handing a true and attested copy thereof to her personally. This statement was sworn to and subscribed before Brandt, the chief burgess of the borough. The appellant objected to this evidence upon the ground that it did not appear that either Koch, as high constable, or Brandt, as burgess, before entering upon the duties of their offices, had filed the affidavits and bonds required by law. Brandt and Koch were duly elected to their respective offices and it is not denied that they were regu-

larly acting as such, they were officers de facto, and this being the case, the appellant could not in this collateral proceeding, raise any question as to the existence of their functions, as distinguished from the manner in which those functions were exercised: Keyser v. McKissan, 2 Rawle 138; Clark v. Commonwealth, 29 Pa. 138; Campbell v. Commonwealth, 96 Pa. 344; Coyle v. Commonwealth, 104 Pa. 117.  The officers having been duly elected and acting under color of title to their respective officers, this appellant could not in this proceeding raise any question as to their right to so act.  The borough council having ordained that the notices should be served by the high constable it became the duty of that officer to serve the notices, "and attest the service of the same by affidavit in writing signed by him" under the provisions of the 13th section of the Act of April 3, 1851, P. L. 324.  The affidavit of service was the official act of the high constable, required by law in the performance of his duty, and, it being admitted that the officer was dead, the affidavit was properly received in evidence and was sufficient to warrant the jury in finding the facts to be as stated: Ross v. Rhoads, 15 Pa. 163; Russel v. Werntz, 24 Pa. 338.  This disposes of the first, second, third and fifth questions involved, as stated by the appellant.

The remaining question attempted to be raised is whether a borough has authority to require the laying of a sidewalk upon a street when it has never by ordinance established a grade for the street.  The answer to this question must, in any particular case, depend upon the circumstances of that case.  A borough is without authority to require a property owner to construct a sidewalk at a grade substantially different from that of the existing grade of the street, when it would require the property owner to do any considerable amount of grading: Chester City v. Lane, 24 Pa. Superior Ct. 362. An ordinance of council is the proper legal expression of the municipal authority in reference to all matters of

changing the grade of a street, or of the sidewalks thereof: McKnight v. City of Pittsburgh, 91 Pa. 273; Chester v. Eyre, 181 Pa. 643. When, however, a street has already been opened and used as a public highway, it is competent for the municipal authorities to require sidewalks to be laid at the existing grade, although the council has not adopted any paper grade for the street: Carlisle Borough v. Long, 47 Pa. Superior Ct. 628; Canton Borough v. Williams, 67 Pa. Superior Ct. 239. The evidence in this case disclosed that the street in question was a State highway, the sidewalk was constructed, at the grade of the highway, and the appellant is not asked to pay for any grading.

The judgment is affirmed.